ROYSTER *versus* WATKINS èt al.

QUESTION IN THIS CASE.

*Principles, upon which Chancery will enjoin a judg-*
*ment at law.*

1. A Court of Chancery will not relieve against a judgment at
law, on the ground of usury, although well established, where
it appears, that the facts were available to the complainant,
before the rendition of the judgment at law.

In this case, Royster filed a bill in Chancery, in
Madison Circuit Court, for the purpose of enjoining
the defendants from proceeding to enforce a judg-
ment obtained against him, at law.

The facts were, that, in 1829, Royster, being in
pecuniary embarrassment, applied to Watkins, to ob-
tain the loan of one thousand dollars; for which, for
twelve months, induced by his necessities, he agreed
to give fifteen hundred dollars. That, to effect the
purpose of the loan, the complainant gave his note,
for fifteen hundred dollars, to one Meux, due at
twelve months; and which Meux was to sell to
Watkins, or to a third person, designated by him.—
That Watkins directed Meux to apply to one Irby,
who would purchase the note, at one thousand dol-
lars; all of which was effected, by the payment of
the money, by Irby, who, to disqualify Meux from
giving evidence, took his indorsement on the note.—
That, some time after this note became due and pay-
able, Watkins applied to the complainant, to take up
the said note, by executing another; which he did.
That the said Meux subsequently signed the latter

note, as surety, without the complaint's knowledge, or consent. That Watkins then induced the complainant to execute a power of attorney, to confess judgment of the note; which confession was made, also, by Meux.

The defendants not having answered, the bill was taken *pro confesso.* At the fall term of 1832, the complainant moved to set aside the judgment, *pro confesso;* and for a rule against the defendants, compelling an answer : and, also, for an order, to take the testimony of Irby and Meux, as witnesses. On final hearing the injunction was dissolved, and a writ of error taken, here.

It was assigned, as cause for reversal—first, the refusal of the Court to set aside the decree *pro confesso;* secondly, the refusal of the Court, to award a commission, to examine Irby and Meux; thirdly, the refusal of the Court, on final hearing, to receive the deposition of Meux, as testimony ; fourthly, the refusal of the Court, to perpetuate the injunction.

*Robinson,* for the plaintiff in error; *Thornton, contra.*

HITCHCOCK, C. J.—This is a bill, in Equity, to enjoin a judgment at law, on the ground of usury.—The bill was dismissed by the Circuit Court of Madison County, and the case comes here, on a writ of error, to reverse that decree.

The facts disclosed in the bill make out, undoubtedly, a case of usury—every one of which, unfortunately, for the complainant, were within his knowledge, before the rendition of the judgment; notwithstanding which, the complainant voluntarily gave

a power of attorney, to confess the judgment, which he now seeks to avoid; and without stating any legal excuse, either for giving the power of attorney, or. for not applying, before. judgment, to avoid the contract.

It is a well settled principle, that a Court of Chancery will not relieve, against a judgment at law, on the ground of its being contrary to equity; unless the defendant in the judgment was ignorant of the fact in question, pending the suit; or, it could not be received as a defence at law: or, unless, without any neglect or default, on his part, he was prevented, by fraud or accident, or the act of the opposite party, from availing himself of the defence.[a]

[a] 6 Johns. C Rep. 87

The facts relied upon, by the complainant, are the alleged collusion of Watkins and Meux, and the threat, by Watkins, that he would sue on the note, if the defendant did not give a power of attorney, to confess judgment.

These, so far from furnishing an excuse, for not going into equity, till after the judgment, furnish the strongest reasons why he should have applied himself to equity, before the judgment. The complainant comes into Equity, entirely too late. Although it may be a hard case; yet, the complainant has made it so, by his own neglect; and we cannot relieve him.

It is contended, that this Court cannot look into the equity of the bill, as the assignments are confined to the refusal of the Court below, to grant the motions for the attachment, and the order to take the testimony of Meux and Irby.

This reasoning cannot be sustained. We are obliged to look into the bill, to ascertain whether the

ROYSTER *vs.* WATKINS et al.

motions should have been granted ; and, in doing so, if we find there is no equity in the bill, it furnishes all the reasons that are necessary, to dispose of the case.

It would be idle to reverse and remand the case, when we are satisfied, that the bill itself, would be bad, on demurrer. Besides this, it is conceived, that the fourth assignment brings the equity of the bill, directly before the Court.

Let the decree be affirmed.

HOPKINS, J., not sitting.