# Wagnon v. Fairbanks.

*Statutory Action of Ejectment.*

1. *Adverse possession; does not run against the Government.*—Adverse possession never runs against the General Government to defeat its title, no matter how distinct and hostile such possession may be; and one who enters upon public lands and occupies them, claiming them as his own, without the license of the Government, by patent or otherwise, is a mere trespasser, and his occupancy can never ripen into a title by right of adverse possession.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment, brought by the appellee, Florence Fairbanks, against the appellant, M. H. Wagnon, on March 17, 1893, to recover the possession of the S. ½ of the N. W. ¼, and the N. E. ¼ of the N. W. ¼, and the N. W. ¼ of the N. E. ¼ of section 20, township 11, range 8, E. The defendant pleaded the general issue, and statute of limitations, and filed a plea of disclaimer as to a portion of the property sued for. The

plaintiff introduced in evidence a mortgage, executed by Marvel C. Brown and wife to her on March 20, 1888, and the note to secure the payment of which said mortgage was given. The mortgage conveyed to plaintiff the lands sued for, and was executed in due form, and was properly recorded in the probate office. The plaintiff also introduced a patent from the United States Government to Marvel C. Brown, which was dated June 6, 1891, and granted to said Brown the lands sued for.

The defendant, being examined a witness in his own behalf, testified that he was in possession of the S. ½ of the N. W. ¼ of section 20, township 11, range 8, E., and had been in possession thereof ever since 1872; but that he was not in possession of the other land described in the complaint; that he was in possession of the S. ½ of the N. W. ¼ of section 20 on March 20, 1888, claiming it as his own, and had cleared a portion of the lands and made improvements thereon. The defendant further testified that he could not enter the said land, but furnished the money to Marvel C. Brown to enter 160 acres, and that after the land was entered by Brown, he and Brown got a surveyor to stake off 80 acres of it for him and defendant; that it was thus divided, he keeping the S. ½ of the N. W. ¼, and that after such division he had remained in possession up to the time of the trial, claiming it as his own against all the world.

The cause was tried by the court without the intervention of a jury, and on the hearing of all the evidence, the court rendered judgment for the plaintiff. The defendant appeals from this judgment, and assigns the same as error.

DENSON, BILBRO. & BURNETT, for appellant.—The mortgage under which plaintiff obtained title was void because defendant was then in the adverse possession of the lands.—*Bernstein v. Humes*, 60 Ala. 582, s. c. 72 Ala. 547; *Murray v. Hoyle*, 92 Ala. 563. It is not necessary that such adverse holding should be under claim of title. but it is sufficient if it is under claim of right, and it applies to mortgages as well as to other conveyances.—*Sharpe v. Robertson*, 76 Ala. 346; *Vandiveer v. Stickney*, 75 Ala. 228.

No counsel marked as appearing for appellee.

[Kirby v. Huntsville Fertilizer & Milling Co.]

HARALSON, J.—Under the facts of this case, it is not pretended that the defendant ever had the legal title to the eighty acres of land in question. His only claim of right is under a parol agreement with Marvel C. Brown, who entered the land from the Government, the appellant having furnished him the money for that purpose, and in consideration therefor, allowed plaintiff to take this eighty acres, the same being one-half of the one hundred and sixty which was entered by Brown. This was in 1886, before Brown had acquired a patent to the land, and while the legal title was yet in the Government. Brown did not acquire his patent until June, 1891. Previously, on the 20th March, 1888, he had mortgaged the land to the plaintiff, to secure a debt for borrowed money, which mortgage contained a warranty of title. The plaintiff claims title under this mortgage, and the after acquired patent of defendant from the Government, and under it in this action, as against any claim of right of the defendant brought to view, plaintiff is entitled to recover.

The Government continued to be the owner of the legal title to this land, until the patent issued to Brown in 1891. The defendant claims title by adverse possession for ten years before suit brought. Such a claim never runs against the Government to defeat its title, no matter how distinct and hostile it may be.—1 Brick. Dig. 49, § 10 ; *Iverson v. Dubose*, 27 Ala. 418. He who enters upon the public domain and occupies and claims title, without the license of the Government, by patent or otherwise, is a mere trespasser.

The judgment must be affirmed.