# Wiggins v. Kirby.

*Statutory Action of Ejectment.*

1. *Adverse possession; what necessary to bar title of legal owner.*—In order to establish title, founded on ten years adverse possession, so as to bar the title of the legal owner, the possession must have been hostile, actual, visible, notorious and continuous under a claim or color of title; and where the only actual possession by a party claiming title is that he authorized several persons to go upon the land to cut timber therefrom, that he paid taxes on it, and that he requested another person to look after the premises for him, there is not shown adverse possession upon which title to land can be founded.

2. *Same; does not run against the General Government.*—Adverse possession never runs against the General Government to defeat its title, and to invest it in another, no matter how distinct and hostile such possession may be.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. JAMES T. JONES.

[Wiggins v. Kirby.]

The appellant, plaintiff below, sued James Kirby, the appellee, in an action of ejectment, to recover 80 acres of land. Four pleas were interposed, the first was the general issue, and the second, third and fourth, the statute of limitations of one, three and ten years, respectively, pleaded in short.

The undisputed facts show, that Elijah D. Wiggins, father of the plaintiff, and through whom, by mesne conveyances from his wife and children, plaintiff derives title, entered 160 acres of land under the homestead act of the United States, approved 20th of May, 1862, "To secure homesteads to actual settlers in the Public Domain," the west half of which is the land here sued for; that said Wiggins with his family, consisting of his wife and five children, had resided on said 160 acres of land for a number of years previous to his entry of the same; that on the 18th of February, 1887, the Government of the United States issued its patent to said Wiggins, reciting that it was issued pursuant to said act of 1862, and that the claim of said Wiggins had been established and duly consummated thereunder; that said Wiggins' family residence was on the east half of said 160 acres, and remained there up to the time of his death, in July, 1887, and that his widow and children, including the plaintiff, continued to reside thereon at the time of the institution of this suit; that the 80 acres sued for, is nearly all uninclosed woodland, well adapted to farming purposes, when cleared; that the said Elijah D. Wiggins had enclosed two or three acres on this 80 in dispute, and cultivated the same in his life-time, and afterwards it was cultivated by plaintiff and others of his father's family, up to the time of the bringing of this suit in May, 1891: that said Elijah D. in his life-time used the land sued for, for the purpose of getting rails, boards and shingles therefrom, and after his death, the plaintiff used it for the same purposes.

The defendant, to show title, offered a deed to the land sued for from said Elijah D. Wiggins to N. A. Agee, of date 6th April, 1876, to the introduction of which plaintiff objected, on the ground that the land was a part of the homestead of said Elijah D. and was void, in that it was not signed by the wife, and contained no acknowledgment from her as required by law to pass the homestead, and because the certificate of acknowledgment of

said Elijah D. was defective. The justice of the peace, before whom the acknowledgment was made, does not certify that the grantor was known to him. The court sustained the objections and refused to allow the deed to be read as evidence of title to the land; but he allowed it to be read to show color of title in defendant.

The defendant introduced a deed from said N. A. Agee to himself to the land, dated December 15, 1888. He then introduced said Agee as a witness, who testified that after the making of the deed by said Wiggins to him, and between or during the years 1879 and 1881, he authorized certain parties to get timbers on the land sued for, and it was shown, that said parties so authorized by him at some time, during the time named, the exact time not known, did get timbers from said land; that he had never been on or seen the land, but had paid taxes on it from the year said Wiggins made him said deed up to the time he sold the land, and had requested some one in the neighborhood to look after it for him, but who it was of whom he made this request, and whether he ever complied with it or not, was not shown. It was further shown, against the objection of the plaintiff, by three witnesses, that said Wiggins had spoken to each of them of the land as Agee's land.

This was substantially all the evidence. The plaintiff requested three charges, the first of which was, that if the jury believed the evidence they would find for the plaintiff. The court refused to give each of the charges requested by the plaintiff, and to the refusal to give each of them the plaintiff separately excepted. There was judgment for the defendant. Plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the refusal to give the several charges requested by him.

J. W. POSEY, SR., for appellant.

N. A. AGEE and A. P. AGEE, contra.

HARALSON, J.—The cause was tried and determined on the plea of the general issue, and that the defendant and his grantor had been in the adverse possession of the land for ten years.

The facts in the case show, that the quarter section of

[Wiggins v. Kirby.]

land entered by said Wiggins, as and for his homestead, and to which, as such, he received a patent from the Government in February, 1887—the west half of which is sued for in this action—was, for years before the patent issued, and afterwards while he lived, occupied by him as a home or dwelling place for himself and family.

The acts relied on by the defendant to show adverse possession by him and Agee, from whom he derived possession, and under whom he claims title, do not, in any case constitute adverse possession. We have too often decided the question to again discuss it, that the mere possession of land is not *prima facie* adverse to the true owner; that to have that effect it must be hostile, actual, visible, notorious and continuous.—*Norment v. Eureka Co.*, 98 Ala. 181, s. c. 104 Ala. 625; *Parks v. Barnett*, 104 Ala. 438; *Merritt v. Phenix*, 48 Ala. 87.

The acts of Mr. Agee were merely casual. Indeed he never was on the land himself, and the only act of possession by him, as shown, was that he authorized some parties to go on it and get some timbers, which they did, and went away. It was not shown that the party that he requested to look after the premises for him ever went near or on it. Under any phase of the case, even if it were conceded that plaintiff's ancestor, before the patent issued to him, had been the legal owner of the land, there is no legal pretext for the claim of adverse possession as was relied on to defeat this action. But, the undisputed fact is, that the legal title remained in the Government, until the 18th of February, 1887, when a patent issued to Elijah D. Wiggins, the ancestor of appellant, through whom both parties claim, and until that date, no adverse possession could run in favor of or against any one.—*Wagnon v. Fairbanks*, 105 Ala. 527. There was no proof, then, on which to base the plea of adverse possession for ten years before suit brought. And the court having excluded the deed offered by defendant from said Elijah D. Wiggins to N. A. Agee, the defendant's grantor, the defendant was left without proof of any title to the land except that of N. A. Agee to him, of December 15th, 1888. There was no proof to show that Agee ever had any title, and it was shown that the plaintiff held the title of said Elijah D. Wiggins, which entitled him to recover.

The general charge should have been given for the plaintiff.

Reversed and remanded.