# Stringfellow v. Tennessee Coal, Iron & Railroad Co.

*Action of Ejectment.*

1. *Adverse possession; does not run when title to land in possession of Government.*—Adverse possession never runs against the General Government, to defeat its title, and can not be set up in favor of any one so long as the title to the particular land remains in the Government.

2. *Public lands; right of patentee against one holding certificate of homestead entry.*—As against a patent which is conclusive in a court of law as vesting the title to public lands in the patentee, a certificate of the homestead entry made at an earlier date, can not prevail so as to give the entryman a prior claim to the land.

3. *Same; same; ejectment.*—In a common law action of ejectment, where the plaintiff claims under mesne conveyances from one to whom the government issued a patent and the defendant bases his right to the land sued for upon hostile possession under the certificate of homestead entry, made several years before the issuance of the patent to the plaintiff, upon proof of these respective claims the plaintiff would be entitled to maintain the suit; and deeds from the patentee to the plaintiff's vendor and from the latter to the plaintiff are admissible in evidence at least for the purpose of showing the relation of the plaintiff to the title of the original patentee, and his rights, as nominal plaintiff, with the assent of the patentee, to use the title of said patentee in the maintenance of the suit, against whom the defendant can not claim adversely.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was a common law action of ejectment, which was brought by the appellee against the appellant. There were three demises laid in the complaint. One rested upon a patent granted by the Government to the University of Alabama; another upon a deed from the DeBardelaben Coal & Iron Co.; and the third, was a deed from the DeBardelaben Coal & Iron Company to the plaintiff. The facts upon which the parties base their respective claims are sufficiently shown in the opinion.

The defendant objected to the introduction in evidence of the deed from the University of Alabama to the De-

Bardelaben Coal & Iron Company, and also of the deed from the DeBardelaben Coal & Iron Company to the Tennessee Coal, Iron & Railroad Company, upon the ground that at the time of the execution of such deed the defendant was in the adverse possession of the property sought to be conveyed. Each of these objections was overruled, and the defendant separately excepted.

The court at the request of the plaintiff gave the general affirmative charge in its favor. The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the several charges requested by him.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JONES & BROWN, for appellant.

VANDEGRAAFF & McCARTY, contra.

HARALSON, J.—This suit is in ejectment at common law. It has been frequently held in this State, that a conveyance of lands which are at the time in the adverse possession of a third person, under claim of ownership, without color of title, even, while good as between the parties to the conveyance, is void as against the adverse holder, and the grantee can not recover against him in ejectment, though the grantor, whose deed is free from such infirmity, may maintain such action. It is also settled, that when there are several demises laid in the complaint, the lessor in each is presumed to assent to the action, and to the use of his title by the nominal plaintiff.—*Glidden v. Doe ex dem.*, 10 Ala. 167; *Harvey v. Doe ex dem.*, 23 Ala. 635; *Bernstein v. Humes*, 60 Ala. 582; *Murray v. Hoyle*, 92 Ala. 559.

Another well settled rule is, that adverse possession can not be set up in favor of any one, so long as the title to the land remains in the Government.—*Wiggins v. Kirby*, 106 Ala. 262; *Wagnon v. Fairbanks*, 105 Ala. 527.

The proof shows, without conflict, that a patent issued from the United States Government to the University of Alabama, for certain lands,—that in this suit included,—

on the 16th January, 1892, which were claimed by the University as donated to it, under and according to the provisions of the act of Congress of the 23d of April, 1884.—23 U. S. Stat. at Large, p. 12. It is manifest, therefore, that until the date of this patent, the defendant could not set up adverse possession against the government, nor its grantee,—the University of Alabama.

The proof further shows, that the University conveyed these lands to the DeBardelaben Coal & Iron Company, and the latter company to the plaintiff. The date of the conveyance by the University to the DeBardelaben Company is stated in the transcript to be, December 13, 1896, but this is probably a clerical error, for that was after this suit was brought, and after the date of the deed from said Coal & Iron Company to the plaintiff, under which it seeks recovery, viz., June 1, 1892.

The defendant's proof showed without conflict, that he made a preliminary homestead entry of the land in the year 1878; that he had made permanent improvements on it, and had been in the actual possession of, and resided on it ever since, claiming and calling it his own, as he had entered and held possession of it; that he received a certificate of entry such as is issued to homestead entrymen, but had never, yet, made final proof. This certificate could not prevail over a patent issued at a later date to the University of Alabama. *Knabe v. Burden*, 88 Ala. 436; Revised Statutes of U. S., §§ 2289, 2291. A patent is conclusive in a court of law. *Knabe v. Burden; supra*; *Case v. Edgeworth*, 87 Ala. 204, 205; *Bates v. Herron*, 35 Ala. 123; *Masters v. Estis*, 3 Port. 438; 19 Am. & Eng. Encyc. of Law, 347-350.

It follows from what has been said, that the deed from the University of Alabama to the DeBardelaben Coal & Iron Company was admissible in evidence, and the objection to its introduction was properly overruled. The deed from the latter company to the plaintiff, good as between the parties to it, although void as against defendant,—if that were all,—was also relevant to be introduced under the demise first laid in the complaint, to show the relation of the plaintiff to the title of the University, and its right, as nominal plaintiff, with the assent of the University, to use its title in the maintenance of this suit.

[Williamson v. Mayer Bros.]

There was no error in giving the general charge for plaintiff; for on the undisputed facts, the plaintiff was entitled to it under the demise from the University. It is unnecessary to consider the charges refused.

Affirmed.