# Croft *v. Doe ex dem.* Thornton.

### *Common Law Action of Ejectment.*

1. *Title; subsequent deed enures to benefit of purchaser; admissibility of deed.*—When a vendor executes a deed with covenants of warranty, without having any title to the lands conveyed, but subsequently acquires a good and valid title, such title enures to the benefit of the grantee in said deed; and in an action of ejectment, where the plaintiffs claim under a party who obtained a patent to the land sued for from the United States, a deed with covenants of warranty from such party, which was executed prior to the issuance of the patent from the Government, is admissible in evidence, since upon the issuance of the patent, it enured at once to the grantee in said deed.

2. *Common law ejectment; demise properly laid in executor of decedent under whom plaintiff claims.*—In a common law action of ejectment where the plaintiff claims as a devisee of the lands sued for under the last will and testament of her father, a demise is properly laid in the executor of the father of the plaintiff, since such executor was authorized to maintain an action to recover possession of the lands which belonged to his testator at the time of his death.

3. *Deed; competency of grantee as witness.*—The grantee in a deed of conveyance to real estate is not competent as an attesting witness to it; and where the grantee in a deed is the only attesting witness and there is no certificate of acknowledgment thereto and no other proof of the execution of it, such deed is inadmissible in evidence.

4. *Adverse possession; what necessary to constitute it.*—Mere possession of land is not *prima facie* adverse to the title of the true owner, but to have that effect it must be shown that the true owner knew that the adverse holder claimed in his own right, or the possession must be so open and notorious as to raise presumption of notice.

5. *Same; admissibility in evidence of defective deed as color of*

[Croft v. Doe ex dem. Thornton.]

*title.*—While a deed, under which a party enters and holds; possession of land, though defective as a conveyance, may operate as color of title, and is, therefore, admissible as evidence to show the extent of his possession, still before such deed is admissible it is necessary to show that the party claiming under it is in adverse possession of said land.

6. *Same; what necessary to avoid deed made by one out of possession.*—While to avoid a deed to land executed by one out of possession, it is enough if there be one in adverse possession. exercising acts of ownership and claiming to be originally in. possession with or without color of title, such adverse possession to have this effect must be actual and not merely constructive, and it must be marked by acts of control evidencing. that the possession is under claim of right.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The facts of the case are sufficiently stated in the opinion.

GEO. D. MOTLEY, for appellant.—An unrecorded deed is void, as there is no evidence of notice to the appellant, and no visible possession.—*Motley v. Jones,* 98 Ala. 443. To operate as notice to a subsequent purchaser from the grantor, a grantee's possession under an unrecorded deed must be open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood.—*Wells v. Am. Mort. Co.,* 109 Ala. 430. When a purchaser pays the purchase money his possession becomes adverse.—*Beard v. Ryan,* 78 Ala. 37.

A deed or other written instrument, under which a party enters and holds possession of land, though defective as a conveyance, may operate as color of title, and is admissible in evidence to show the extent of his possession.—*Torrey v. Forbes,* 94 Ala. 135. A valid contract of sale of land, though not in writing, fixes the extent of the possession of one entering and holding under it.—*Normant v. Eureka Co.,* 98 Ala. 181. A sale and conveyance of lands, which are at the time in possession of a third person, holding adversely to the grantor, is void and will not support ejectment by the grantee

against the adverse possessor.—3 Brick. Dig., 18, § 51;. 71. Ala. 200; *Murray v. Hoyle,* 92 Ala. 559.

Plaintiff must recover on the strength of his own. title.—3 Brick. Dig., 325, § 38.

AIKEN & MARTIN, *contra.*—A demise in the complaint is laid in Henry J. Thornton, executor and N. M. Thornton, deceased. The personal representative may maintain any action for the recovery of land which at common law the heirs or devisees may maintain.—*Langford v. Dunklin,* 71 Ala. 594; *Wells v. Elliott,* 68 Ala. 183. In the common law action of ejectment, it is a self-evident proposition that the plaintiff is entitled to recover if the legal title is in any person in whom a demise is laid.—*Stringfellow v. T. C. & I. Co.,* 117 Ala. 251.

It is settled law in this State that if one having at the time no title conveys land by warranty, even in warranty which the law implies from the employment of the words, grant, bargain, sell and convey, and afterwards acquires title, it will enure so instantly to his vendee.—*Chapman v. Abrahams,* 61 Ala. 114; *Swan & Billups v. Gaston,* 87 Ala. 569.

Plaintiff's title to the land sued for is perfected by reason of the adverse possession of the same for ten and twenty years. The actual occupancy of a part of said land under claim or color of title ('to-wit, deed' from Camp and wife to N. M. Thornton) to the whole for a period of ten years, perfects plaintiff's title to all of said lands.—*Swan & Billups v. Gaston,* 87 Ala. 569; *Brady v. Huff,* 75 Ala. 80; *Ala. St. L. Co. v. Kyle,* 99 Ala. 474; *Stovall v. Fowler,* 72 Ala. 77; *Ryan v. Kilpatrick,* 66 Ala. 332; *Baucum v. George,* 65 Ala. 259.

HARALSON, J.—This was a common law action by Doe *ex* demise Mary L. Thornton v. Cooper Croft. Separate demises are laid in Henry J. Thornton as executor of N. M. Thornton, deceased, in the heirs at law of said N. M. Thornton, and in the plaintiff, Mary L. Thornton, the devisee of the lands sued for, under the last will and testament of her father, the said N. M. Thornton, and the grantee of said lands in a deed from George Hen-

[Croft v. *Doe ex dem.* Thornton.]

drix and wife. In support of her title the plaintiff introduced a patent from the United States to the said George Hendrix, her grantor, dated February 1, 1860; a deed with covenants of warranty of title from said George Hendrix and wife conveying said lands to plaintiff, of date December 6, 1897; a deed with covenants of warranty from George Hendrix and wife to James T. Camp, of date, 22d December, 1859, to a part of said lands; a deed with covenants of warranty by Camp and wife, conveying all of said lands to said N. M. Thornton, the ancestor and devisor of the same to plaintiff, of date, January 20, 1860; the record of the will of said N. M. Thornton, the probate of which in Georgia and in this State was duly proved, devising said lands to her, and letters testamentary to said Henry J. Thornton, of date, April 1, 1889.

2. When the deeds from Hendrix and wife to Camp, and from Camp and wife to N. M. Thornton were offered in evidence, the defendant objected to the introduction of each, separately, on the ground that the evidence showed that the property belonged to the government of the United States at the date they were severally executed, and on the further ground that defendant who claimed the lands under what purported to be a deed, of date 28th May, 1897, from Hendrix and wife to him, of a date later than either of said deeds introduced by plaintiff, had no notice of plaintiff's said deeds. The objection to the introduction of these deeds, however, on the first ground as specified—that at the date of their execution the title was in the government—was properly overruled, since each of the deeds contained covenants of warranty of title, and when the patent issued to Hendrix it enured at once to his grantee.—*Swann v. Gaston,* 87 Ala. 569; *Sayre v. Sheffield L. I. & C. Co.,* 106 Ala. 440. The second ground of objection was also without merit, as will fully appear.

3. A demise was properly laid in Henry J. Thornton, the executor of N. M. Thornton, deceased, since he was authorized to maintain any action at law for the recovery of land that the heir or devisee of his testator could maintain.—*Landford v. Dunklin,* 71 Ala. 595; *Leather-*

*wood v. Sullivan,* 81 Ala. 459; *Pendley v. Madison, Admr.,* 83 Ala. 484. It is also well understood that in an action of ejectment, the plaintiff may recover by showing the legal title to be in any one of the persons in whom a demise is laid.—*Glidden v. Doe, ex. dem. Andrews,* 10 Ala. 167; *Stringfellow v. T. C. I. & R. R. Co.,* 117 Ala. 250; Tyler on Ejectment, 389, 390.

4. The plaintiff proved by these deeds, title, as in one or more of the demises laid, to all the lands sued for, and this is not denied by defendant. The evidence tended to show that plaintiff, and those under whom she claimed, had the actual possession of said lands for over thirty years, claiming and exercising acts of ownership over them, and continued in such actual possession until the intrusion of defendant, on a very small portion of the land, under what he claimed as a deed to the whole tract from said Geo. Hendrix and wife of date, 28th May, 1897. The defendant's proof consisted of said instrument purporting to be a deed to the lands, to which the names of G. W. and D. A. Hendrix are attached at the foot. The name of the grantee in the deed—the defendant in this case—was signed as a witness thereto, and the court, because it appeared that the vendee or grantee in said deed was the same person as the attesting witness, refused, on objection of plaintiff, to allow the said instrument to be introduced in evidence. A grantee in a deed of conveyance of property is not competent to attest it as a witness.—*Coleman v. The State,* 79 Ala. 49. This eliminated said instrument from the defense as a muniment of title. The only other defense open to defendant, and which he set up, was that he was in adverse possession of the lands, claiming to own the same; that the said instrument, though defective as a conveyance, was admissible to show color of title, and possession of the property, co-extensive with the boundaries of the property described by the intrument under which he claimed to hold, citing *Normant v. Eureka Co.,* 98 Ala. 181; *Torrey v. Forbes,* 94 Ala. 135.

In the case of *Normant,* just cited, it was held in this connection, "that the mere possession of land is not *prima facie* adverse to the title of the true owner. To

have that effect, it must be shown that the true owner knew that the adverse holder claimed in his own right, or the possession must be so open and notorious as to raise the presumption of notice." There was no evidence tending to show that the plaintiff ever knew of any claim to the lands by defendant. The plaintiff's witness, N. J. Thornton, who had charge of said lands for her, testified that he did not know defendant was claiming the land, and the first time he heard of his being on the land was in January, 1897. (This date is evidently intended for January, 1898, for defendant testified that he moved on the place the latter part of 1897, and the instrument from Hendrix under which he claimed, as we have seen, bore date 28th May, 1897.) Defendant did not testify to any fact tending to show that plaintiff ever had any knowledge or notice of his presence on the land or his claim thereto. Nor did he testify to any fact tending to show the character of his claim and possession, further than that there were about four acres cleared on the place and enclosed, but he did not even state that he cleared and enclosed these four acres. He did testify that he cut timber all over the land and went to work on it immediately after he traded for it; and for aught appearing, he was a bare tresspasser in so doing. The instrument, in form a deed from Hendrix, under which he sought to claim, does not recite any consideration, further than "for and in consideration of the full payment in hand by the said party of the second part," etc. He swore on the cross-examination that he paid Hendrix ten dollars, part in money and part in provisions, but how much in the one or the other he did not state. This evidence of his, not creditable to his claim, falls far short of showing possession adverse to the plaintiff.—Authorities *supra; Rivers v. Thompson,* 46 Ala. 33; *Beasley v. Howell,* 117 Ala. 500; *Parks v. Barnett,* 104 Ala. 438; Newell on Ejectment, 728, 729.

5. It is claimed again by defendant, that the deed from Hendrix to plaintiff, of date, 6th December, 1897, was executed while defendant was in possession, holding adversely to plaintiff, and was therefore void. If the principle invoked were available to defendant in this

case, which is denied by plaintiff under the demise laid, it is not applicable here, for the reason, as just shown, that the defendant was never in possession of the land claiming adversely to plaintiff. As was said in *Bernstein v. Humes,* 71 Ala. 260: "To avoid a deed by one out of possession, it is enough if there be one in adverse possession exercising acts of ownership and claiming to be rightfully in possession. Color of title is not necessary. Possession to have that effect must be actual, not constructive."—*Parks v. Barnett,* 104 Ala. 438; *Sharpe v. Robertson,* 76 Ala. 242, 246.

The court tried the case without a jury and rendered a judgment for the plaintiff, and in this ruling we find no error.

Affirmed.