# Ledbetter *v.* Borland *et al.*

## *Statutory Action of Ejectment.*

1. *Ejectment, prima facie case made by introduction in evidence of receiver's certificate.*—A certificate of entry issued by the receiver of a local land office of the United States, regular on its face, vests in the person to whom it is issued such title as will support ejectment; and upon the introduction in evidence of such certificate in favor of the plaintiff, there is

made out a *prima facie* case for the recovery of the land sued for.

2. *Judicial knowledge; public lands and surveys.*—Courts take judicial knowledge of the surveys of public lands by the general government, and of the location and relative situation of the lands officially surveyed and mapped out under the authority of the acts of Congress.

3. *Government lands; presumption in favor of patents.*—The general rule of law which accords the presumption of validity to all proceedings necessary to uphold a patent issued by the general government, does not prevent the court from treating as void a patent which appears on its face to have been issued without authority; and proof extrinsic of the instrument itself is admissible to ascertain whether it was issued without authority.

4. *Ejectment; when deed inadmissible in evidence.*—In an action of ejectment, a deed which does not purport to convey the lands sued for, is inadmissible in evidence; nor can such deed be admitted for the purpose of showing that the defendant was in adverse possession of the lands in suit claiming under said deed as color of title.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. C. RICHARDSON.

This was a statutory action of ejectment instituted on August 1, 1897, by the appellant, James H. Ledbetter, against the appellees, T. M. Borland and Joe Tayloe, to recover lands which are described in the complaint as "the southwest quarter of lots 3 and 4 of section 14, township 7 north, range 12 west, in Geneva county, Alabama."

The cause was tried on the plea of the general issue. The plaintiff introduced in evidence a receiver's receipt dated May 10, 1897, at Montgomery, Ala., and signed by the receiver of the land office. The receipt acknowledged the receipt from James H. Ledbetter, the plaintiff, "the sum of fourteen dollars, being the amount of fee and compensation of the register and receiver for the entry of S. W. ¼ of lots 3 and 4 of section 14, township 7 of range 12 west. The plaintiff also introduced in evidence a diagram of fractional section 14 in township 7 north of range 12 west, which was duly certified as being correct, and which showed that according to the government's survey the fractional section

14 was divided into lots numbered respectively 1, 2, 3, 4, 5 and 6, and that lot 1 contained 80.50 acres, and lot 2 contained 74.25 acres, that lots 3 and 4 contained each 79.75 acres, constituting the S. W. ¼ of said fractional section 14. The plaintiff also introduced in evidence a certified copy of the entries made in said fractional section 14, as shown by the record of the land office at Montgomery, Alabama, that on September 29, 1858, 154.75 acres was entered by Mary E. Smith and that the patent thereto was issued to William W. Wilkinson. These entries also showed that the "S. W. ¼" or lots 3 and 4 containing 159.50 acres, was entered by James H. Ledbetter, the present plaintiff, on May 10, 1897. The plaintiff then introduced in evidence a certified transcript from page 209 of Tract Book No. 1, showing the entries made in said fractional section 14, which corresponded with the entries just above stated. Upon this evidence the plaintiff rested.

The defendant introduced in evidence a patent issued by the government bearing date August 15, 1860. This patent is copied in the opinion. The defendant then offered in evidence a deed executed by the register in chancery of Dale county to the defendant Borland, and bearing date April 4, 1887, in which the register by order of the court conveyed to said Borland "all rights, titles, interest in and to the fractional section 14, in township 7, of range 12, * * * containing 454.75 acres, all in lots Nos. 1 and 2 in section 14," which were owned by W. W. Wilkinson. The plaintiff objected to the introduction of this deed in evidence upon the ground that it did not convey or purport to convey the lands in controversy. The court overruled the objection, and the defendant duly excepted. The defendant testified that he went into possession of the said lands under said deed and that he had held the lands in controversy adversely for more than ten years prior to the bringing of said suit. This constituted all of the evidence in said case.

The court refused to give, at the request of the plaintiffs, the general affirmative charge in his behalf, and gave, at the request of the defendants, the general affirmative charge for him. To each of these rulings

the plaintiff separately excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the rulings of the court to which exceptions were reserved.

MULKEY & MULKEY, for appellant, cited Code, § 1813; *Knabe v. Burden*, 88 Ala. 436.

ESPY, FARMER & ESPY, *contra*, cited *Stringfellow v. Tenn. C., I. & R. R. Co.*, 117 Ala. 250; *Bates v. Herron*, 35 Ala. 117; *Knabe v. Burden*, 88 Ala. 436; *Rogers v. Peoples*, 72 Ala. 529; *Hess v. Cheney*, 83 Ala. 251; *Wendell v. Jackson*, 22 Am. Dec. 635; *Innis v. McCrummin*, 13 Am. Dec. 379.

SHARPE, J.—*Prima facie* the Land Office Receiver's receipt introduced in evidence by the plaintiff showed in him the right to possession of the lands in suit and to their recovery in this action.—1 Brick. Dig. 636, § 26.     This is not controverted on the part of the defendants whose counsel concede in their briefs that the decision of the cause depends upon the effect of the patent to Wilkinson which is older than the plaintiff's homestead entry, and which purports to cover the entire fractional section in which these lands are situated.

The patent bears date of August 15th, 1860.     We quote from it as follows: "Whereas, in pursuance of the act of Congress approved March 3d, 1855, entitled an act in addition to certain acts granting bounty land to certain officers and soldiers who have been engaged in the military service of the United States, there has been deposited in the General Land Office warrant No. 77787 for 160 acres, in favor of Mary E. Smith, widow of John Smith, private, Captain Varner's Company, Georgia Militia, War 1812, with evidence that the same has been duly located upon fractional section fourteen in township seven of range 12 in the district of lands subject to sale at Elba, Alabama, containing one hundred and fifty-four acres and seventy-five hundredths of an acre according to the official plat of the surveys of the said land returned

to the General Land Office by the Surveyor General, the said warrant having been assigned by the said Mary E. Smith to William W. Wilkinson in whose favor the said tract has been located. Now know ye, that there is, therefore, granted by the United States unto the said William W. Wilkinson, as assignee as aforesaid, and to his heirs, the tract of land above described; to have and to hold the said tract of land, with the appurtenances thereof, unto the said William W. Wilkinson, as assignee as aforesaid and to his heirs and assigns forever."

The recitals of a patent are evidence indisputable of the consideration upon which and the authority under which the patent is issued. The Acts of Congress referred to in the foregoing recitals provided for the issuance of a land warrant to each of a class of persons who had been in military service for 160 acres. By statute it was made the duty of the Commissioner of the Land Office, and further it was made the duty of the Secretary of the Interior to cause a patent for the land to be issued to such holder. These provisions are embodied substantially in U. S. Rev. Stat., §§ 2425, 2437.

Courts will take judicial notice of the situation of lands according to the government survey.—*Knabe v. Burden*, 88 Ala. 436. We know judicially as well as from transcripts in evidence certified from the United States Land Office, that fractional section 14, of township 7, range 12 of the district of lands which were subject to sale at Elba contained approximately 473.75 acres; that it was according to the government survey divided in lots numbered respectively 1, 2, 3, 4, 5 and 6. The transcript from Tract Book 1 in the Land Office shows that the identical warrant under which the patent purports to have been issued to Wilkinson, was on September 29th, 1858, located on said lots 1 and 2 together containing 154.75, which location corresponds with recitals of the patent as to the quantity of land appropriated under the warrant. It is thus affirmatively shown that the warrant's location did not cover lots 3 and 4 which together contained 159.50 acres

and which were subsequently entered by the plaintiff.

The general rule which in courts of law accords the presumption of validity to all proceedings necessary to uphold a patent does not prevent such courts from treating as void a patent which appears on its face to have been issued without authority.—*Masters v. Eastis,* 3 Port. 368; *Cromelin v. Minter,* 9 Ala. 504; *Stoddard v. Chambers,* 42 U. S. 317; *Steel v. Smelting Co.,* 106 U. S. 447; *Morris v. U. S.,* 174 U. S. 196. And proof extrinsic of the instrument itself may be looked to to ascertain whether it was issued without authority.—*Morris v. U. S., supra; Doolan v. Carr,* 125 U.S. 618.

Officers of the government in issuing patents act ministerially and can rightfully act only in pursuance of some express provision of law. No law authorized the issuance of a patent to Wilkinson for a greater quantity of land than his warrant called for or on land other than on which that warrant was located.

In view of the record evidence showing that the location was on land other than and exclusive of lots 3 and 4 no presumption can be indulged that the patent is as to those lots issued pursuant to any right acquired by the patentee in those lots.

We hold that the patent so far as it purports to convey the lands in controversy was issued without authority and is, therefore, void; and that the lands belonged to the United States at the time of the plaintiff's entry. No title by adverse possession can be acquired as against the government. The register's deed to the defendant Borland having no other relevancy than to show adverse possession was not admissible in evidence. The general affirmative charge requested by the plaintiff should have been given and that requested by the defendants should have been refused.

Reversed and remanded.