# Williams Investment Company *v.* Pugh.

## *Common Law Action of Ejectment.*

1. *Effect of act of Congress forfeiting lands granted to the State; how title to such lands acquired.*—The effect of the act of Congress of September 29, 1890, "to forfeit certain lands heretofore granted, for the purpose of aiding in the construction of a railroad and for other purposes," (U. S. Stat. at large, 496-499) was to divest the legal title to such lands out of the State of Alabama and invest it in the United S*t*ates, and upon the subsequent issuance by the commissioner of the land office of a certificate or patent to such lands, the legal and equitable title vested in the person to whom the certificate or patent was issued.

2. *Effect of act of Congress forfeiting lands granted to the State; when statute of limitations begins to run.*—Under the act of Congress of September 29, 1890, "to forfeit certain lands heretofore granted, for the purpose of aiding in the construction of a railroad and for other purposes," (U. S. Stat. at Large, 496-499), the title of the said lands so forfeited vested in the United States, and the' statute of limitations did not run against the government in favor of persons in possession of said lands at the time of the approval of the act, and it was not until there was an issuance by the commissioner of' the land office of a certificate to a purchaser, that title passed 'out of the United States, and the statute of limitations began to run in favor of the person in possession of said land.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This was a common law action of ejectment brought by the Williams Investment Company against the appellee, John Pugh. The demises were laid in nine different persons and plaintiff relied for a recovery upon the different conveyances to said persons as fol-

lows:  1. A certifiate of the lands in controversy from
the General Land Office at Washington, D. C., approv-
ed by the Secretary of the Interior, April 24th, 1893,
to the Mobile and Girard Railroad Company for the
use and benefit of the Vankirk Land and Construction
Company, transferee of Mobile & Girard Railroad Com-
pany under the act of congress approved September
29th, 1890.  2. A mortgage executed by the Vankirk
Land and Construction Company on the 7th day of
April, 1890, to J. W. Worthington, R. M. Elliott and
H. F. DeBardelaben conveying the lands in contro-
versy.  3. Deed from M. F. Brooks, register in chan-
cery, to Morris Adler to lands in controversy dated
June 1st, 1895.  Said deed was executed under a de-
cree of the chancery court of Escambia county, Ala.,
foreclosing the mortgage above named which had been
transferred by the mortgagees to Morris Adler, he be-
ing the complainant in said chancery proceeding.  4.
Deed from Morris Adler to lands in controversy to the
Knowles Pine Land Company, dated January 20th,
1899.  5. Deed from Knowles Pine Land Company to
lands in controversy to Jesse P. Williams dated Au-
gust 4th, 1899.  6. Deed from J. P. Williams Co. and
John Morrison to the Williams Investment Company
to the lands in controversy; said deed being dated De-
cember 28th, 1899.

A duly certified copy of the certificate above referred
to was offered in evidence and also the act of congress
relating thereto approved September 29th, 1890.  All
the deeds and the mortgage above referred to and also
certified copies of the proceedings in chancery show-
ing the regular foreclosure of said mortgage were also
offered and allowed in evidence.  The defendant offer-
ed evidence setting up adverse possession of the lands
under color of title from 1889 to the time of trial;
said color of title being a deed purporting to be exe-
cuted by Sydney Barnes to defendant on September
15th, 1889.

The plaintiff requested the court to give the general
affirmative charge in its favor, and duly excepted to
the court's refusal to give said charge as asked.

[Williams Investment Co. v. Pugh.]

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the refusal of the court to give the charge requested by the plaintiff.

POWELL & ALBRITTON and HENRY OPP, for appellant.—The certificate from the General Land Office of the allotment of the lands in controversy to the Mobile and Girard Railroad Company for the use and benefit of the Vankirk Land and Construction Company was evidence of said Construction Company's title.—Code, 1896, §§ 1813, 1818. The title upon which appellant relied for a recovery has already been passed upon favorably by this court in the following cases: *Adler v. Prestwood*, 122 Ala. 367; *Sullivan v. Vankirk L. & C. Co.*, 124 Ala. 225.

HICKMAN & RILEY, *contra*.—The plaintiffs have not made out their titles to the lands. They have introduced no conveyance from the Mobile & Girard Railroad Company to the Vankirk Land & Construction Company, or to any other person, company, or corporation through whom they claim. The recitals of the certificate of the Secretary of the Interior, in evidence in the case, that the lands therein conveyed have been *sold, conveyed, otherwise disposed of by the Mobile & Girary Railroad Company to the persons therein named*, are not sufficient proof of this fact, and the plaintiffs should have introduced such a conveyance in support of their title.—*Sullivan v. Vankirk L. & C. Co.*, 124 Ala. 225.

The statute of limitations began to run from the approval of the act of Congress of September 29, 1890. By that act the title was divested out of the State.—*Adler v. Prestwood*, 122 Ala. 373.

TYSON, J.—Action of ejectment. There are two questions presented for decision by the record in this case. The first is, does the plaintiff show a legal title to the lands in controversy? It traces title through

mesne conveyances, regularly executed, back to the Vankirk Land & Construction Company. That company derived its title under the act of Congress approved September 29, 1890 (U. S. Stat. at Large, 496-499), evidenced by the certificate of Lamoreux, commissioner, of date April 24, 1893, made in pursuance of said act. The effect of the act of Congerss was to divest the legal title to these lands out of the State of Alabama and to invest it in the United States.—*Dudley v. Gallups*, 128 Ala. 236, 238; *Sullivan v. Vankirk Land & Construction Co.*, 124 Ala. 225.

The railroad company, not having earned these lands, never at any time had any title to them either legal or equitable. And when the United States reinvested itself with the legal title, by divesting it out of its trustee, the State of Alabama, it had both the legal and equitable title, and could, of course, convey them to the Construction Company, which it effectually did by the certificate.—§ 1813 of Code.

The other question is, when did the statute of limitations of ten years begin to run in favor of defendant? It is conceded that it did not run against the State of Alabama while it held the legal title as trustee or against the United States after it became reinvested with the title. The contention is that it began to run from the date of the approval of the act of congress (September 29, 1890), and this action not having been brought until October, 1901, the bar is complete. If the date of the approval of the act is the period of time when the Construction Company acquired the legal title to the lands, then undoubtedly the bar was complete when this suit was brought. But it was not until the settlement was made under the act and the lands selected and set apart to the Construction Company that it acquired the title.—*Sullivan v. Vankirk Land & Construction Co.*, *supra*. In other words, it was not until the certificate was issued (April 24, 1893), that the title passed out of the United States to that company. This being true, this suit was brought in time.

The affirmative charge requested by plaintiff should have been given.

Reversed and remanded.