# Swift, *et al. v.* Doe *ex dem.* Williams.

## *Ejectment.*

(Decided June 17, 1909.  50 South. 123.)

1. *Estoppel; by Deed After Acquired Title.*.—Where the grantor grants by warranty deed, title subsequently acquired by him enures to the benefit of the grantee.

2. *Appeal and Error; Evidence.; Presumption.*—Where the bill of exceptions does not purport to contain all or substantially all of the evidence, and a deed, on which depends plaintiff's right to recover in ejectment is sufficiently definite to permit its further identification by parol evidence, it will be presumed on appeal that the description was properly aided by parol evidence to identify the lands conveyed.

3. *Adverse Possession; Public Lands.*—Adverse possession being unavailable as against the government, no claim of adverse possession could be founded where the certificate or final receipt and patent for the land in controversy was issued within ten years before the bringing of the suit in ejectment.

4. *Appeal and Error; Review; Affirmative Charge.*—Although not entitled to recover the entire subject-matter claimed in this suit, if in fact, plaintiff in ejectment was entitled to a verdict for part, a general charge in his favor is not reversible error.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by John Doe on the demise of John G. Williams against Richard Roe, with notice to Charles A. Swift, and others.  Judgment for plaintiff and defendant appeals.  Affirmed.

PILLANS, HANAW & PILLANS, and GAILYARD & MAHORNER, for appellant.  The court erred in overruling

[Swift, et al. v. Doe ex dem. Williams.]

defendant's objection to the introduction in evidence of the deed from Banks to Green, because it was indefinite in description, and because the acknowledgment was deficient.—*Evans v. Richardson*, 76 Ala. 329. Also, because it was without witnesses and no witnesses were offered to prove its execution.—*Bramlett v. Wetlin*, 104 Ala. 191; Sec. 1789, Code 1886. There was no attempt to show that the officer taking the acknowledgment was a subscribing witness.—*Merritt v. Phoenix*, 48 Ala. 90. The deed was ineffective as the deed of Sneed.—*Parker v. Boutwell*, 119 Ala. 297. While the patent to Williams enured to the benefit of his heirs their quit-claim deed could not convey such after acquired title.—*Tillotson v. Kennedy*, 5 Ala. 407; 17 Fed. 401. The court erred in admitting in evidence the deed of Green to McNulty because the evidence showed that McNulty was the real plaintiff, and therefore, the proper custodian of the deed, and a certified copy was not admissible in the absence of evidence showing the loss or destruction of the original.—Sec. 992, Code 1896. The demise from Williams was clearly bad because Williams was dead and the demise would not support the action.—*Galloway v. Henderson*, 136 Ala. 315; *Adderton v. Melcho*, 31 N. C. 349. The defendant should have been allowed to show adverse possession.—*Mahan v. Smith*, 44 South. 375; see also *Bernsteim v. Humes*, 60 Ala. 582, and *Lowery v. Baker*, 141 Ala. 600. The court erred in directing the finding for the plaintiff. The finding was for all the land claimed.—*Chapman v. Holding*, 60 Ala. 533; 38 S. E. 302; 77 Mo. 447; 28 N. W. 151.

ERWIN & MCALEER, for appellee. There can be no adverse possession while the title remains in the government.—*Jones v. Walker*, 47 Ala. 175. Adverse possession does not run until a patent has been issued.—*Stringfellow v. T. C. I. & R. R. Co.*, 117 Ala. 251; *Stev-*

*ens v. Moore,* 116 Ala. 400. When a patent issues to a man who is dead, the title vests in his heirs or assigns. —*Tolliver v. Smith,* 38 Ala. 140; Sec. 2448, U. S. Rev. St. The title afterwards acquired by grantor enures to the benefit of the grantee under a warranty deed.— *Wagnon v. Fairbanks,* 105 Ala. 528.

McCLELLAN, J.—Common-law ejectment. There were six demises laid, viz., from John G. Williams, Thomas F. Stickney, Claudia Watkins, Hattie E. Banks, T. E. Green, and Carrie McNulty. The court, at the request of the plaintiff, gave the general affirmative charge, and accordingly the verdict and judgment was for the whole estate in the land claimed in the com-- plaint.

We have been unable to discover in the bill of exceptions any recital that it contains all, or even substantially, all, of the evidence introduced on the trial. The deed from Grist to Thomas F. Stickney was a warranty deed, and, upon subsequent acquirement of title to the land in dispute by the grantor, that title insured to the benefit of the grantee, Stickney.—*Croft v. Thornton,* 125 Ala. 391, 28 South. 84; *Wagnon v. Fairbanks,* 105 Ala. 528, 17 South. 20; 6 Fed. St. Ann. pp. 514, 515, Rev. St. § 2448 (U. S. Comp St. 1901, p. 1512.) Under this conveyance Stickney became entitled to an undivided half interest in the lands described in the deed. The description of the lands in the deed was sufficiently definite to permit its further identification by other evidence, parol or in writing. Since the bill of exceptions does not purport to set forth all, or substantially all, of the evidence before the trial court, we must presume that the description in the deed from Grist to Stickney was properly aided by serviceable evidence to that end. It hence results that unless a jury issue was made by evidence of adverse possession, or that issue was pre-

vented by erroneous rulings of the court in excluding defendant's evidence  to that purpose, an  affirmance must be entered.

No such errors, to the prejudice of defendant, intervened, because the legal title to this land was in the government, at least until the issuance of the certificate (see *Case v. Edgworth,* 87 Ala. 203, 5 South. 783; *Ledbetter v. Borland,* 128 Ala. 418, 29 South. 579) ; and hence there could have been no adverse holding thereof (*Stringfellow v. Tenn. Co.,* 117 Ala. 250, 22 South. 997, and authorities therein cited.). The certificate of final receipt and the patent were issued within .10 years before this action was instituted. There was, therefore, no possibility of an adverse possession affecting the rights of the parties; and the exclusion of testimony attempting to show adverse possession was harmless to defendant. It follows that the plaintiff was entitled to a verdict as upon the demise laid in Stickney.

However, the right of recovery on that demise was necessarily limited to an undivided interest, the interest vested in Stickney by the deed of John W. Grist to him. On this status appellant insists that the general affirmative charge to find for the plaintiff (the extent of the finding was not stated in the charge) was error. We have recently ruled on this question in *Cochran v. Kimbrough,* 157 Ala. 454, 47 South. 709. It was there held that, while the court might well have refused such an instruction, it was not reversible error, since the plaintiff was in fact entitled to a verdict, though not to recover the entire subject-matter claimed in the complaint. The holding in the cited decision has been re-examined, and no good reason appears to require a departure from it.

Accordingly the judgment must be affirmed.

Affirmed.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.