(December 3, 1917.)

## CHARLES M. HEMPHILL, Respondent, v. ROBERT MOY, Appellant.

[169 Pac. 288.]

PUBLIC LANDS—ADVERSE POSSESSION—STATUTE OF LIMITATIONS—FIND-
INGS BASED ON CONFLICTING EVIDENCE—RELINQUISHMENT.

1. Adverse possession of the public lands of the United States cannot be initiated by any claimant prior to the issuance of patent when such possession is asserted in defense of a title adverse to the government, and the statute of limitations with reference thereto does not begin to run until patent issues.

2. Where an action is tried to the court without a jury and the evidence is conflicting, but there is substantial evidence in support of the findings of the court, such findings will not be disturbed by the appellate court on appeal.

3. *Held,* that one Wallace, respondent's predecessor in interest to the land in controversy, having parted with his title in favor of respondent's grantor Beymer, was not thereafter in a position to make a valid relinquishment of said land in favor of another claimant, and whatever rights appellant obtained in said land, if any, must have been initiated at the time he filed his homestead entry and went into possession.

[As to adverse possession of public lands, see note in 76 Am. St. 479.]

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Edward A. Walters, Judge.

Action in ejectment for the possession of land. Judgment for plaintiff *affirmed.*

E. R. Dampier, for Appellant.

Moy can tack his adverse possession to that of his predecessor. (1 Cyc. 1006, note 95; *Vance v. Wood,* 22 Or. 77, 29 Pac. 73.)

"In order to create the privity requisite to enable the subsequent occupant to tack to his possession that of a prior

occupant, it is not necessary that there should be a conveyance in writing. It is sufficient if it be shown that the prior occupant transferred his possession to him even though by parol." (*Shuffleton v. Nelson,* 2 Sawy. 540, 22 Fed. Cas. No. 12,822; 1 Cyc. 1006 (4), note 96; *Northern Pacific Ry. Co. v. Pyle,* 19 Ida. 3, 112 Pac. 678.)

"One claiming title by adverse possession for ten years against all persons, but recognizing the title of the United States and seeking in good faith to acquire that title, may assert such adverse possession as against any person claiming under a prior grant." (*Sharpe v. Catron,* 67 Or. 368, 136 Pac. 20.).

Frank T. Disney, for Respondent.

Adverse possession cannot be initiated or run before the issuance of patent. (*Gibson v. Chouteau,* 13 Wall. (U. S.) 92, 20 L. ed. 534; *Redfield v. Parks,* 132 U. S. 239, 10 Sup. Ct. 83, 33 L. ed. 327; *Tegarden v. Le Marchel,* 129 Fed. 487; *Tyee Consolidated Min. Co. v. Langstedt,* 136 Fed. 124, 69 C. C. A. 548; *Stephens v. Moore,* 116 Ala. 397, 22 So. 542; *Steele v. Boley,* 7 Utah, 64, 24 Pac. 755; *Delacey v. Commercial Trust Co.,* 51 Wash. 542, 130 Am. St. 1112, 99 Pac. 574; *Merriam v. Bachioni,* 112 Cal. 191, 44 Pac. 481.)

A person purchasing a relinquishment acquires absolutely no rights in the property by virtue of the relinquishment. Any rights of the person taking the relinquishment are initiated by and result only from his own entry. (*Moss v. Dowman,* 176 U. S. 413, 20 Sup. Ct. 429, 44 L. ed. 526; *Stephens v. Mansfield,* 11 Cal. 363.)

BUDGE, C. J.—Respondent brought this action, alleging that he was the owner and seised in fee and possessed and entitled to the possession of a certain tract of land in Minidoka county; that appellant, without right or title, entered upon the same thereby excluding respondent from the possession thereof, and prayed for restitution of the premises. Appellant's answer traversed the allegations of the complaint, and as an affirmative defense set up title in himself,

with appropriate allegations of adverse possession. The cause was tried to the court, who found the facts in favor of respondent and entered judgment decreeing the possession of the land to respondent. This appeal is from the judgment.

Appellant's brief contains seven specifications of error which have properly been treated by counsel in their briefs as presenting but two legal questions for the consideration of this court: First, can adverse possession be initiated to land to which patent from the United States government has not issued? Second, did Moy acquire title by adverse possession?

The land in question was originally entered as a homestead by one Hiram Wallace, who, after final proof, conveyed the same by warranty deed to one A. F. Beymer, who in turn deeded the land to the respondent. After Wallace had conveyed the land the Department of the Interior suspended the proof. The deed from Beymer to respondent was dated August 17, 1906. On August 3, 1909, Wallace, who had been residing upon the land for some time, a portion of which at least was with consent of Hemphill, filed his relinquishment in the Hailey land office to the land and turned over the possession thereof to appellant. At the same time the latter made a homestead entry on the land and continued to reside thereon up until the bringing of this suit. From the time of the filing of Moy's homestead entry until June, 1912, a contest was carried on in the Department of the Interior by Hemphill and Moy, which was finally decided in favor of Hemphill. The Department expressly recognized Hemphill's title and ordered a reinstatement of the entry of Wallace for the benefit of Hemphill.

It is urged by appellant: That the proceedings in the Department of the Interior affected only the paper title to the land; that the contest in the land office did not stop the running of the statute of limitations; that Hemphill had his right of action in ejectment for the possession of the land; that Moy had been in the continuous, open, notorious, exclusive and adverse possession thereof for the period of the statute and had otherwise complied with all legal requirements

for obtaining title by adverse possession; that the state courts are not bound by the decision in the land office; and that Moy's right to acquire title to the land by adverse possession is unaffected in any manner by the decision of the Department of the Interior in favor of 'Hemphill. Great reliance is placed by appellant upon the decision of this court in *Northern Pacific Ry. Co. v. Pyle,* 19 Ida. 3, 112 Pac. 678. We do not think that what was said in that opinion touching the right to possession of lands, even where the title is admittedly in the United States, sustains the position contended for by appellant. At any rate the decision in the Pyle case cannot be regarded as authority upon the proposition contended for by appellant, for the reason that under the holding in the Pyle case the title to the property had passed from the United States by a grant *in praesenti* before the statute of limitations began to run.

Adverse possession cannot be initiated and the statute of limitations does not begin to run before the issuance of patent when such possession is asserted in defense of a claim of title adverse to that of the government. (*Stephens v. Moore,* 116 Ala. 397, 22 So. 542; *Wiggins v. Kirby,* 106 Ala. 262, 17 So. 354; *Wagnon v. Fairbanks,* 105 Ala. 527, 17 So. 20; *Doe v. Pugh,* 137 Ala. 346, 34 So. 377; *Price v. Dennis,* 159 Ala. 625, 49 So. 248; *Swift v. Doe,* 162 Ala. 147, 50 So. 123; *Nance v. Walker* (Ala.), 74 So. 339; *Denver & Rio Grande R. Co. v. Wilson,* 28 Colo. 6, 62 Pac. 843; *Hagan v. Ellis,* 39 Fla. 463, 63 Am. St. 167, 22 So. 727; *Taylor v. Combs* (Ky.), 50 S. W. 64; *Willoughby v. Caston,* 111 Miss. 688, 72 So. 129; *Cummings v. Powell,* 97 Mo. 524, 10 S. W. 819; *Marshall v. Hill,* 246 Mo. 1, 151 S. W. 131; *Lindsay v. Austin,* 139 N. C. 463, 51 S. E. 990; *Steele v. Boley,* 7 Utah, 64, 24 Pac. 755; *Utah Copper Co. v. Eckman,* 47 Utah, 165, 152 Pac. 178; *Slaght v. Northern Pacific R. Co.,* 39 Wash. 576, 81 Pac. 1062 (affirmed by United States supreme court in *Northern Pac. R. Co. v. Slaght,* 205 U. S. 122, 27 Sup. Ct. 442, 51 L. ed. 738); *Adams v. Alkire,* 20 W. Va. 480; *Boe v. Arnold,* 54 Or. 52, 20 Ann. Cas. 533, 102 Pac. 290.)

This rule has been uniformly adhered to by the supreme court of the United States. (*Gibson v. Chouteau*, 13 Wall. (U. S.) 92, 20 L. ed. 534; *Redfield v. Parks*, 132 U. S. 239, 10 Sup. Ct. 83, 33 L. ed. 327; *Northern Pacific Ry. Co. v. Slaght, supra.*) It has been held that the decisions of the supreme court of the United States are binding upon the state courts in this regard. (*Slaght v. Northern Pacific Ry. Co.*, 39 Wash. 576, 81 Pac. 1062; *Utah Copper Co. v. Eckman, supra.*)

But in any event Moy has failed to establish title by adverse possession. There is a conflict in the evidence as to whether Wallace's possession was ever adverse to respondent; the trial court having reached a contrary conclusion, it cannot be disturbed by this court. Again, the evidence is conflicting as to whether Moy's possession was adverse. There is substantial evidence to the effect that he recognized the superior right of Hemphill and wanted to lease the land from him, hence we are not in a position to disturb the finding of the trial court in this respect.

Furthermore, the contention of appellant, that he could tack Wallace's possession on to his own for the purpose of making up the period of the statute, is based upon a misconception of the legal effect of a relinquishment. Although Wallace was in no position to relinquish, having previously parted by warranty deed with whatever rights he had acquired in the land, still if he had been in a position to make a valid relinquishment, such act could in no way inure to the benefit of Moy. A relinquishment turns the land back to the United States, and with it every right, possessory or otherwise, that the entryman enjoyed. (*Moss v. Dowman*, 176 U. S. 413, 20 Sup. Ct. 429, 44 L. ed. 526.) It therefore follows that whatever rights Moy obtained in or to the land were initiated when he filed his homestead entry and went into possession.

Without the aid of the alleged adverse possession of Wallace, Moy has concededly fallen far short of the statutory time.

We are satisfied that the findings and judgment of the trial court are correct. The judgment is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.