# Probst *et al. v.* Bush *et al.*

*Statutory Action of Ejectment.*

1. *Mortgage of lands held adversely; facts of judicial sale.*—Where land in the adverse possession of one person is mortgaged by another, the mortgage is a nullity as to the adverse holder; and the foreclosure of the mortgage in a suit to which the adverse claimant is not made a party is inoperative as to him, and the purchaser at the foreclosure sale acquires no title and can not maintain ejectment against such adverse claimant for the possession of the lands so purchased.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. GEORGE E. BREWER.

This was a statutory action of ejectment, brought on October 17, 1894, by the appellants against the appel-

lees., to recover certain lands specifically described in the complaint.

The defendants pleaded the general issue, and adverse possession.

Upon the trial of the cause, as is shown by the bill of exceptions, the evidence for the plaintiffs showed that the title to the lands sued for passed by patent issued by the Government to the Woodstock Iron Company, on December 5, 1884; that on June 14, 1890, the Woodstock Iron Co. conveyed said lands, together with other lands, to the State Trust Co., a New York corporation, by deed of trust, to secure its first mortgage bonds; that default being made in the payment of the bonds, the deed of trust was foreclosed under a regular decree of the court in a suit of foreclosure, to which the defendants were not parties. That at this sale under the decree of foreclosure, the plaintiffs in the present suit became the purchasers, and the register executed a deed to them as such purchasers, in accordance with the decree of foreclosure.

The evidence for the defendants showed that they were in adverse possession of the lands in controversy, claiming under a color of title, at the time the patent issued from the Government to the Woodstock Iron Company, and had been in such possession since 1868, and continued in adverse possession of such lands up to the time of the trial; their possession never having been disturbed by any one claiming title to the lands prior to this suit.

Upon the hearing of all the evidence, the court at the request of the plaintiffs, gave the general affirmative charge in favor of the plaintiffs. To the giving of this charge the defendants duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by them.

Upon verdict being returned for the plaintiffs, the defendants moved the court for a new trial, upon the grounds that the court erred in refusing to give the general affirmative charge requested by the defendant, and in giving the general affirmative charge requested by the plaintiffs.

Upon the hearing of this motion, the court granted it, and set aside the verdict of the jury; and to this action of the court the plaintiffs duly excepted. The plaintiffs

appeal, and assign as error the granting of the motion of the defendants for a new trial.

JOHN B. KNOX, for appellant.—The adverse possession of the defendants does not operate to prevent the purchasers at the foreclosure sale from acquiring title to the land in controversy. The doctrine founded upon principles of public policy which prevents the transferring of a right to sue for lands adversely held, does not apply to judicial sales. Whatever may have been the effect of the defendant's adverse possession upon the mortgage executed by the Woodstock Iron Company to the State Trust Company, it was perfectly valid as between the parties.—*Yarborough v. Avant,* 66 Ala. 526; *Pearson v. King,* 99 Ala. 125.

The appellants do not sue upon the mortgage. They claim under and deraign their title from the decree and foreclosure sale. It is not at all material that the decree under which they claim was a decree foreclosing the mortgage. It may be admitted, upon principles of public policy, that the Woodstock Iron Company would not be permitted to transfer its right of action so as to invest its alienee with the right to maintain ejectment against an adverse holder, but it by no means follows from this, that the Woodstock's creditors are to be precluded from acquiring by legitimate judicial proceedings, with or without its consent, whatever title was invested in said Company. Such a proceeding does not contravene the policy of the law, but on the contrary fulfills one of its most important offices and enables the creditor to subject the assets of the debtor to the payment of his just debts, or in satisfaction of a lien given to secure the debt.—*High v. Nelms,* 14 Ala. 350; *David v. Shepard,* 40 Ala. 587; *Humes v. Bernstein,* 72 Ala. 546.

D. D. McLEOD, *contra.*—1. Conveyances of land in the adverse possession of a party other than the grantor, are void as to the party in such adverse possession. *Bernstein v. Humes,* 60 Ala. 582; *Jernigan v. Flowers,* 94 Ala. 508; *Sharp v. Robertson,* 76 Ala. 343; *Murray v. Hoyle,* 92 Ala. 559; *Franklin v. Pollard,* 88 Ala. 318; *Yarborough v. Avant,* 66 Ala. 526; Tyler on Ejectment, p. 935, *et seq.*

2. The plaintiff has no right to further maintain a

32

suit in ejectment or in the nature of ejectment against the party in adverse possession of the land sued for when he, plaintiff, has conveyed away the title he had at the commencement of the suit and before the trial.—*Hairston v. Dobbs*, 80 Ala. 594; *Chandler v. Jost*, 81 Ala. 411; Tyler on Ejectment, p. 76; *Scranton v. Ballard*, 64 Ala. 402; *Pollard v. Hanrick*, 74 Ala. 334; *Davis v. Curry,* 85 Ala. 133.—Mortgagor's whole title is conveyed by the mortgage, though executed to secure a debt falling due in the future.—3 Brickell's Digest, 651, § 252; *Coffey v. Hunt,* 75 Ala. 236.

3. Judgements and decrees of court affect only the rights of parties and privies and not of strangers. 3 Brickell's Digest, 652, § 270; *Downing v. Blair*, 75 Ala. 216.

McCLELLAN, J.—This case may be thus stated: A, being in the adverse possession of land, B, who claimed title, executed to C. a mortgage on the land. C. had the land sold under a decree foreclosing the mortgage to which A. was not a party. D. became the purchaser at that sale and received a conveyance from the register in accordance with the decree. He now prosecutes this suit against A. for the recovery of the land. A.'s defense is that the mortgage from B. to C. was void because the land was adversely held by him, A., when the mortgage was executed, and has continued to be so held. D.'s replication is that the mortgage was foreclosed by decree in chancery on bill filed by C. against B., and that he purchased at the foreclosure sale and took a conveyance from the register in pursuance of said decree. The plea was good: The doctrine that conveyances of lands which are in the adverse possession of third persons are champertous, is firmly established in this State, and not questioned in this case. The replication is bad. It confesses but does not avoid the plea. The mortgage itself was a necessary link in plaintiff's title. The mortgage was a nullity as against the defendant. The effect of the decree was merely to foreclose B.'s equity to redeem the mortgage, and a sale under the decree vested in the purchaser only the title of the mortgagee freed from this equity. The mortgagee having no title as against the defendant, none passed by the sale, or now exists in the purchaser. The excep-

[Hewlett v. Camp.]

tion to the rule—that lands adversely held cannot be alienated—which has reference to alienation through judicial sales, is as firmly established as the rule itself. But it has no application to this case. Not that the sale under the foreclosure decree is not a judicial sale, for of course it is; but that nothing passed to the plaintiff by the judicial sale here made against the defendant, because nothing passed out of B. by the mortgage to C. as against the defendant. Had the possession of the land been in the mortgagor when the mortgage was executed, the judicial sale would have carried title into the plaintiff, although the defendant was in adverse possession at the time of the decree and sale; and this illustrates the operation of the exception to the rule in favor of such sales; but the possession being in the defendant when the mortgage was executed, and the mortgage in consequence being void as to him, it was not validated by the decree of foreclosure, but constitutes now, as well as before the foreclosure sale, a missing link in the chain of title essential to plaintiff's right to recover.

The trial court should have given the affirmative charge for defendant, and refused that asked by plaintiff. Recognizing the error into which it had fallen, by giving the latter and refusing the former instruction, on the motion for a new trial, it very properly granted said motion.

Affirmed.