# Chevalier *v.* Carter *et al.*

*Action in the Nature of an Action of Ejectment.*

1. *Adverse possession; deed void as to one holding adversely.* Where a party who was never in the actual possession of a lot of land conveys it by deed, and at the time of the execution of the deed the land was in the adverse possession of another the deed is void as to the person so in possession.

APPEAL from Mobile Circuit Court.

Tried before Hon. WM. S. ANDERSON.

Action of ejectment by Wm. A. Carter and others against Geo. Chevalier. The facts are stated in the opinion.

L. H. & E. W. FAITH, for appellant, contended, that the court should not have taken from the jury the consideration of whether the appellees, (plaintiffs) had possession or not and charge them as a matter of law that the mere fact that the plaintiffs had the land enclosed and were claiming it openly, notoriously and adversely, conferred upon them a title upon which they could recover.

F. G. BROMBERG, *contra.*

No brief came to reporter.

DOWDELL, J.—This cause has been once before in this court on appeal; *Carter v. Chevalier*, 108 Ala. 563. So far as·the record discloses the evidence had upon this trial is substantially the same, except ·that perhaps it more clearly establishes the plaintiff's right of recovery of the land in controversy. Adopting the conclusion reached upon the former appeal, we deem it unnecessary to here reiterate in whole what was there said. It was noted on the first appeal, in the opinion by Haralson J., that while the land which was particularly described in the complaint by metes and bounds was located in fractional section 20, yet the evidence offered by plaintiff placed the same in section 24. This variance, however, was not objected to upon the trial, and was treated by the parties as being the identical land sued for and defended against; the more particular description by metes and bounds prevailing against the general description. After the reversal and remandment of the cause, ·and upon the second trial in the court below, the plaintiffs amended their complaint by striking out "fractional section 20," and inserting "section 24," the particular description remaining the same. The defendant then entered a plea of disclaimed upon which issue was joined, and a trial was begun. After having proceeded with the trial for two or three days, much evidence having been introduced, the defendant withdrew his plea of dis-' claimer, and asked to file special pleas numbered two, three, and ·four, which the court refused to allow, but permitted the plea of not guilty, and upon that plea the cause was thereafter tried. At the stage of the cause at which the special pleas were offered, the allowance of them was discretionary with the court, and its ruling is not subject to revision by this court.

The plaintiffs as heirs of Wm. E. Kennedy base their right of recovery upon a Spanish grant to one Benjamin Dubroca, which was afterwards acquired by William E. Kennedy, and which grant was by act of Congress May 27th, 1840, confirmed to the heirs of said Wm. E. Kennedy; a survey by John James in 1841, of the lands therein granted, and a patent thereto from the United States, issued upon the act of confirmation and survey; and the possession of the lands by Kennedy and his heirs.

The defendant relied upon a title beginning with a certificate of purchase issued to one James Williams in 1834, showing a purchase by him of the east division of fractional section 20, town. 4 south range 1 west; and through mesne conveyances from said Williams down to the defendant, the last conveyance being a deed from Majerski to defendant Chevalier, executed in April 1892; the contention of the defendant being that the land in controversy at the date of the purchase by Williams from the government, was by the then existing government survey located in the east division of fractional section 20, and formed a part of Williams' purchase, and was not included in the "Dubroca tract" until after the act of confirmation of 1840, and the resurvey under said act in 1841. Pertermitting the question as to the superiority of title under the Williams purchase of 1834, and the confirmation act of 1840, it is to be observed that it is not denied that the Carters, heirs of William E. Kennedy, went into possession of section 24, township 4 south range 1 west, known as the Dubroca or Kennedy tract under the confirmation act of 1840 and the survey of 1841, and that at this time the land in dispute, lot 12, containing ten acres was included in the tract; that they continued in possession, exercising acts of ownership in the sale and leasing of certain lots within said tract. While it is shown by the evidence that during the fifties and up to 1864 lot 12 or the land in controversy was occupied by different parties claiming under the Williams title, yet it is further shown that the house on said lot was destroyed by fire in 1865, and after that time the said lot remained vacant and without actual occupancy by any one. The evidence also shows without conflict, that one Howland as the agent of the plaintiff in 1875 took charge and control of the "Kennedy tract," and continued in the control and management of the same, going upon the same, and as such agent making sales of lots within the tract, paying taxes etc.; that in 1885 a patent was issued by the United States to the plaintiffs, as the heirs of Kennedy, based upon the act of confirmation and the survey of 1841, to said section 24, being the Dubroca or Kennedy tract; that in 1887, the said Howland as such agent built a wire fence around and enclos-

[State of Alabama, for use Montgomery Co. v. Southern Cotton Oil
Company.]

ing said lot 12, that he as such agent kept up said wire
fence, repairing it at times when broken by unknown
parties, and that said wire fence was around and en-
closed said lot at the date of the execution of the deed
in April, 1892, by Majerski to the defendant Chevalier.
It was also shown that Majerski, defendant's grantor,
lived in the city of New Orleans and had never been in
actual possession of said lot. This proof is fatal to the
title set up by the defendant. The Majerski deed was a
link in the chain of title relied upon by the defendant,
and without it, it was impossible to defend his posses-
sion. At the time of the execution of this deed the land
in controversy is shown without conflict to have been in
the adverse possession of the plaintiffs, and this fact ren-
dered the deed from Majerski to the defendant void as to
the plaintiffs.—*Probst et. al. v. Bush et al.*, 115 Ala. 495;
*Yarborough v. Avant,* 66 Ala. 526; *Bernstein v. Humes,*
60 Ala. 602; *Rivers v. Thompson,* 43 Ala. 641.

It was only through the Majerski deed that the de-
fendant offered to connect himself with the chain reach-
ing back to Williams, and this deed being out, rendered
the other deeds offered in evidence irrelevant. Upon
this state of the case the plaintiffs were entitled to the af-
firmative charge which the court properly gave.

The judgment of the circuit court is affirmed.