# Dudley *v.* Gallups.

*Statutory Action of Ejectment.*

1. *Ejectment; rights of purchaser of government land.*—In an action of ejectment, it was shown that the plaintiff purchased the lands sued for in 1877 from the Mobile & Girard Railroad Company, and that they were a part of the lands which had been granted by Congress to the State to aid in the construction of a railroad from Girard to Mobile, which road, at the date of the sale, had been completed through the county wherein the lands lay. The plaintiff, although he paid the purchase money for the lands and went into possession, had never received a deed of conveyance of said lands from the railroad, but was in possession thereof claiming to own it when .the defendant took possession. In 1895 the defendant went into possession of the land·sued for under a certificate ·of homestead entry issued to him from the United States land ·office. *Held*: That under the act of Congress, approved September 20, 1890, (26 United States Stat. at Large, 4ʋ6), the land in suit was not, at the time of the defendant's entry, unappropriated public lands, and, therefore, the certificate of

[Dudley v. Gallups.]

homestead entry to the defendant was unauthorized and void,. and the plaintiff was entitled to recover on his prior possession.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. A. A. EVANS.

This was a statutory action of ejectment, brought by the appellant against the appellee to recover certain lands specifically described in the complaint. The facts of the case and the claims of the respective parties to the land are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give the same as asked.

There were verdict and judgment in favor of the defendant. The plaintiff appeals, and assigns as error the refusal of the court to give the general affirmative charge requested by him.

W. C. OATES, for appellant.

No counsel marked as appearing for appellee.

TYSON, J.—The plaintiff purchased the land for the recovery of which he brings this suit, in 1877 from the Mobile & Girard Railroad Company.  He received no conveyance from the company, but the evidence shows undisputedly that he paid the purchase money and went into possession of it.  It was also shown in evidence that this land was within the grant of lands made by Congress in 1856 to the State of Alabama to aid in the construction of a railroad from Girard, Alabama, to Mobile, Alabama, which road had, at the date of the sale to plaintiff, been completed through the county of Russell and many miles beyond on the line of said grant.

Under the view we take of this case it is unnecessary to inquire into the state of the title under the act of Congress of June 3, 1856, and the act of February 1, 1858, of the General Assembly of Alabama, for the reason that by act of Congress approved September 29, 1890, (U. S. Stat. at Large, Vol. 26, p. 496), the

United States resumed the title to all the lands heretofore granted to the State of Alabama or to the Mobile & Girard Railroad Company, thereby divesting all title out of the State of Alabama and the railroad company and investing it in the United States. —*Sullivan v. Van Kirk Land & Construction Co.*, 124 Ala. 225. However, by the eighth section of said act, provision was made "that the Mobile & Girard Railroad Company of Alabama shall be entitled to the quantity of land earned by the construction of its road from Girard to Troy, a distance of eighty-four miles." This company under the act of 1856 being entitled to 120 sections for every twenty miles of construction, it will be readily seen that it had earned and was entitled to something over three hundred thousand acres on account of its construction of the eighty-four miles. And the eighth section of said act of 1890 directs the Secretary of the Interior in making settlement and certifying to or for the benefit of said company the lands earned by it, to include therein all the lands sold, conveyed or otherwise disposed of by the railroad company not to exceed the total amount earned. The act further provided that "the titles of the purchasers of all such lands are hereby confirmed so far as the United States are concerned."

It is not material under the facts of this case to determine whether the United States by this confirmatory act made a grant of the legal title to the plaintiff as a purchaser of the land in controversy, or whether the United States merely confirmed so far as it was concerned, the equitable title of the plaintiff derived by his purchase. Adopting the latter view, the effect of the confirmation was to forever estop the United States to claim title to the lands and to preclude it afterwards in making any valid sale of it. To permit it to do so, would not only violate the spirit and purpose of the act, but would give effect to a sale made in violation of law. For the confirmatory act possesses not only an element of a grant or conveyance, but has the force and effect of law as well. *Swan v. Miller*, 82 Ala. 530. There is an implied

prohibition against the assertion by the United States of title subsequently to its enactment, which it can no more violate than one of its citizens. Conceding for the purposes of this case, that the plaintiff has only an equitable title, the evidence shows without dispute that he was in possession of the land claiming to own it under his purchase and under this confirmatory act of Congress when the defendant went into possession of it in 1895 under a certificate of homestead entry issued to him from the United States land office at Montgomery, Alabama. This certificate purports to have been issued under authority of section 2290 of th Revised Statutes. This section is one of a number of an act providing for homesteads on unappropriated public lands and prescribing the mode of procedure therefor, etc.—Rev. Stat. 1878 (2d ed.), pp. 419-424. This is the only claim of title set up by the defendant. The land in suit was not unappropriated public land, for the reason that the United States had confirmed the title of the plaintiff, thereby depriving itself, as we have shown, of asserting any claim to it. Not being a part of the unappropriated public domain, the certificate of homestead entry was void on account of its issuance being unauthorized, and its nullity may be declared on a collateral attack.—*Knabe v. Burden*, 88 Ala. 436. The defendant having no title and no right to the possession, the plaintiff was entitled to recover upon his prior possession. The affirmative charge requested by him should have been given.

Reversed and remanded.