# Vankirk Land & Construction Company v. Green.

### Action of Statutory Ejectment.

[Decided February 5, 1902.]

1. *Act of Congress of June 3d, 1856, to aid in the construction of the Mobile & Girard Railroad; construction of; title to lands granted thereby.*—By the act of Congress approved June 3d, 1856, to aid in the construction of the Mobile & Girard Railroad, the title to the lands thereby granted passed *in presenti,* and the conditions therein expressed were conditions subsequent and not precedent, and a forfeiture thereof could only be worked by direct legislative action or judicial proceedings.

2. *Same; failure to complete the Mobile & Girard Railroad within the time prescribed by the act.*—The fact that the Mobile &

[Vankirk Land & Construction Company v. Green.]

Girard Railroad was not completed within the time prescribed in the grant did not of itself operate to forfeit the title to the lands granted nor to deprive it of the right to dispose of said lands.

3. *Same; act of Congress of September 29, 1890, forfeiting certain lands granted to aid in construction of Mobile & Girard Railroad, construed; title to lands; how divested.*—The title to lands included within the grant by act of Congress of June 3d, 1856, to aid in the construction of the Mobile & Girard Railroad, which were opposite to and coterminous with that portion of the railroad constructed and in operation at the date of the act of Congress approved September 29th, 1890, known as the Forfeiture Act, remained in the original grantee under said act, or his vendee, if they had been conveyed, and could not be divested by act of the land commissioner in leaving it out of the allotment made by such commissioner under the provisions of said act, although the grantee or his vendee had notice of the proceeding before such commissioner and was present thereat and took no appeal from his allotment; nor can the courts be concluded by his construction of said act.

4. *Ejectment; equitable estoppel as defense.*—In actions of ejectment or of statutory trespass to try title the question is one of legal title, and the doctrine of equitable estoppel has no application.

5. *Objections on appeal; when not considered.*—Where a deed was admitted in evidence without proof of execution, "but subject to legal exceptions," and no exception was made in the court below, an objection raised for the first time on appeal will not be considered.

6. *Bill of exceptions, when signed in time; trial at adjourned term.* Where the record on appeal showed that the trial was had and judgment rendered at an adjourned term convening on the 3d day of December, and the order prescribing the time within which the bill of exceptions might be signed was dated December 11th, such order is sufficiently shown to have been made by the court in term time.

APPEAL from Pike Circuit Court.

Tried before Hon. J. P. HUBBARD.

Statutory action of ejectment. In addition to the facts shown by the opinion, it appeared that the matter of allotment to the Mobile & Girard Railroad Company or its grantees of such lands as they were entitled to was taken up before the commissioner of the general land office of the United States, under the provisions

of the act of Forfeiture of September 29th, 1890; that plaintiff had notice of this matter of allotment, and in compliance with notice from the land office propounded its claim to all the land conveyed to it by the Mobile & Girard Railroad Company, and was a party to the proceedings or suit in the matter of said allotment, being present by attorney. By the decision of the commissioner of the land office, which was afterwards approved by the secretary of the interior, certain lands were allotted to the Mobile & Girard Railroad Company and its grantees, including the plaintiff; but the land in controversy was not so allotted, but was declared forfeited to the United States. From the decision of the secretary of the interior no appeal was taken by plaintiff.

The appellee made a motion to strike the bill of exceptions from the record, upon the ground that the order for its signing did not affirmatively appear to have been made by the court in term time. The record shows that at the regular spring term of court an order was made adjourning the court to the first Monday in the following December; that the court convened, under this order, on December 3d, 1900; that the judgment-entry, which contained an order giving the plaintiff until the first day of the next term of court to present a bill of exceptions, was dated December 11th, 1900; and that the bill of exceptions was signed and filed on January 23d, 1901.

MOORE & TEAGUE, GORDON MACDONALD and JOHN P. McNEEL, for appellant, cited, in support of the proposition that plaintiff was entitled to the general affirmative charge.—*United States v. Tennessee & Coosa R. R. Co.*, 176 U. S. 242; 2 Washburn on Real Property, 6; *Nicoll v. New York & Erie R. Co.*, 12 N. Y. 121; *Ludlow v. N. Y. & H. R. R. Co.*, 12 Barb. 440; *Schulenberg v. Harriman*, 21 Wall. 44; *Railroad Land Co. v. Courtright*, 21 Wall. 310; *U. S. v. So. Pac. R. Co.*, 146 U. S. 570; *St. Lauis, I. M. & S. R. Co. v. McGee*, 115 U. S. 469; *Wisconsin Central R. Co. v. Forsythe*, 159 U. S. 46; *Northern Pacific R. Co. v. McCormick*, 72 Fed. Rep. 736; *Dudley v. Gallups*, 29 So. Rep. 616.

ASA E. STRATTON, T. L. BORUM, and D. A. BAKER, for appellee, in support of the motion to strike the bill of exceptions, cited *Pierce v. Clements,* 73 Ala. 256; *Blake v. Harlan,* 75 Ala. 205; *Ledbetter v. Vinton,* 108 Ala. 644; *Morris v. Brannen,* 103 Ala. 602; *Clark v. McCrary,* 80 Ala. 110; *Posey v. Beal,* 69 Ala. 32.

Upon the merits they cited *Swann v. Lindsey,* 70 Ala. 507; *Swann v. Laramore,* 70 Ala. 555; *Swann v. Miller,* 82 Ala. 530; *Jackson, etc. R. Co. v. Davidson,* (Mich.), 32 N. W. Rep. 736, 37 N. W. Rep. 537; *Bernard v. German American Seminary,* 49 Mich. 444; *David v. Davis,* 26 Cal. 25; 7 Am. & Eng. Ency. of Law, 19 and 20; *Swann v. Jenkins,* 82 Ala. 478; *Dudley v. Gallups,* 29 So. Rep. 616; 26 U. S. Stat. at Large, 499; 11 U. S. Stat. at Large, 17.

DOWDELL, J.—This cause was tried upon an agreed statement of facts. Based upon this agreed statement of facts, the general charge requested in writing was refused to the plaintiff and given for the defendant.

The land in question was embraced in the grant of the United States government to the Mobile & Girard Railroad Co,. in the act of Congress of June 3d, 1856, and the agreed statement of facts shows that the grant was duly accepted by the State of Alabama as trustee in accordance with the terms and provisions of said act of congress making the grant; that the line of said railroad company was duly laid out and located, and that prior to January 1st, 1890, eighty-four miles of said railroad, from Girard to Troy, Ala., had been constructed and was in operation. It is further shown that the land in controversy was opposite to and coterminous with the eighty-four miles which had been constructed and in operation, though not opposite to and coterminous with the first twenty miles of said road. And it is further shown that said railroad as constructed was also in operation on the 29th day of September, 1890, the date of the act of congress commonly known as the "forfeiture act," and that in June, 1890, the Mobile & Girard Railroad Company by deed conveyed said land

to the plaintiff; and on this title the plaintiff relied for recovery.

The defendant for recovery relied upon a certificate of homestead entry issued to him from the land office at Montgomery, Ala., in the year 1893, and further claimed that under and by virtue of the act of congress approved September 29, 1890, the land in question was forfeited to the government and was restored to the public do- main and made subject to homestead entry. It is fur- ther contended by the appellee that under said forfeit- ure act of congress, in the allotment of the lands made to the Mobile & Girard Railroad Co. by the land com- missioner and approved by the Secretary of the Inter- ior, as the land in question was not embraced in such allotment, the same became thereby forfeited to the government and restored to the public domain.

These several acts of congress relating to the original grant and to the forfeiture of lands under said grant have been heretofore under consideration, both by the Supreme Court of the United States and this court. It has been definitely settled that by the act of June 3d, 1856, the title to the lands passed *in praesenti,* and the conditions expressed in them were conditions subse- quent and not precedent, and that a forfeiture could only be worked by direct legislative action or judicial proceedings.—*United States v. Tenn. and Coosa Rail- road Co.,* 176 U. S. 242.

The fact that the Mobile & Girard Railroad Co. was not completed within the time prescribed in the grant did not of itself operate to forfeit the title to said lands nor to deprive it of the right to dispose of said lands, as a proposition of law, has been definitely settled in the following cases: *Schulenberg v. Harriman,* 21 Wall. 44; *R. R. Land Co. v. Courtwright,* 21 Wall. 310; *United States v. So. Pacific R. R. Co.,* 146 U. S. 570; *U. S. v. Tenn. and Coosa R. R. Co., supra.*

By the provisions of the forfeiture act of 1890, lands embraced under this original grant and opposite to and coterminous with that part of the railroad then con- structed and in operation were excluded from the for- feiture, and by the terms of said act whatever of right,

title or interest there was in the United States government was confirmed to the railroad company or its vendees. The land in controversy, as shown by the agreed statement of facts, being opposite to and coterminous with that portion of the railroad constructed and in operation at the date of the forfeiture act of September, 1890, the title to the same remained in the original grantee under said act, or if it had been previously conveyed, then in such vendee, and could not be divested by act of the land commissioner in leaving it out of the allotment made by such commissioner under the provisions of said act, nor can the courts be concluded by his construction of said act. On a similar state of facts it was held by this court, having under consideration the effect of the act of congress of September, 1890, in the case of *Dudley v. Gallups,* 128 Ala. 236, that by the provisions of said act the title to the lands lying opposite to that part of the road constructed and in operation prior to and at the time of the passage of said act, was confirmed to the grantee or his vendee, and was thereby withdrawn from the public domain, and could not be opened to homestead entry. On the authorities above cited, we think it clear that the general charge should have been given as requested by the plaintiff and refused to the defendant. In actions of ejectment or the corresponding statutory action of trespass to try titles, the question is one of legal title, and the doctrine of equitable estoppel has no application. It was never intended to be asserted in *Dudley v. Gallups,* *supra,* as contended by counsel, that an equitable estoppel could be set up against the legal title in a court of law in the action of ejectment.

The deed from the Mobile & Girard Railroad Co. to the plaintiff was by agreement admitted in evidence "without proof of execution," "but subject to legal exceptions." No exception was made in the court below, and therefore objections raised for the first time in this court will not be considered.

The record sufficiently shows that the trial was had and judgment rendered at an adjourned term of the court, and that the order prescribing the time within which the bill of exceptions might be signed is suffi-

23s

ciently shown to have been made by he court in term time. The motion to strike the bill of exceptions we think is therefore without merit.

For the error pointed out the judgment of the circuit court will be reversed and the cause remanded.