# Lowery *et al. v.* Baker.

## *Statutory Action in the Nature of Ejectment.*

1. *Certificate of entry; not superior to patent.*—While a certificate of entry, issued by the receiver of a local land office of the United States, regular on its face, vests in the person to whom it is issued, such a title as will support ejectment, (Code, § 1813) the holder of such certificate cannot defend against an action of ejectment brought by the grantee in fee of the United States, to whom a patent to said lands has been issued.

2. *Adverse possession; conveyance of land adversely held void.*—A conveyance of land, which is, at the time adversely. held by a third person, who is exercising acts of ownership and claiming to be in rightful possession, is void as to such adverse possessor.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. OSCEOLA KYLE.

This is a statutory action in the nature of the action of ejectment, brought by the appellee, Baker, against the appellant, Lowery, and was commenced on the 26th day of April, 1902. Lowery was holding under the appellant McPherson, as tenant, and at the trial term, McPherson, was made a party and allowed to come in and defend.

The plaintiff claimed title through Martha J. Baker, as follows, by quit claim deed, executed October 9, 1900, and by warranty deed executed April 22, 1902. Martha J. Baker claimed under patent from the Government, dated April 22, 1901.

The defendant, McPherson, claimed title as follows: Under final certificate of homestead entry issued by the Government to Hance Day, Feb. 1, 1886. Deed from Hance Day and wife to Enos Day, made on the 15th of August, 1889. Deed from Enos Day to Phœba Lowery and husband, dated 27th day of May, 1895. Deed from Phœba Lowery and husband to defendant, J. H. McPherson, dated December 1, 1898. The evi-

dence was undisputed that Martha J. Baker had never been in actual possession of this land, but that defendant, McPherson, and those under whom he claimed, had been in the open, notorious, actual and continuous adverse possession of this land from and before February 1, 1886, up to the day of the trial.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in his behalf, and to the giving of this charge, the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the giving of the general affirmative charge requested by the plaintiff.

J. B. BROWN, for appellants.—A conveyance of land which is at the time of its execution, in the adverse possession of the third person, is void as to the person holding adversely.—*Murry v. Hoyle,* 92 Ala. 559; *Davis v. Curry,* 85 Ala. 113; *Sharpe v. Robertson,* 76 Ala. 343; *Bernstein v. Humes,* 60 Ala. 582.

2.   That one holding under a final certificate of homestead entry from the Government can maintain or defeat an action of ejectment, and one claiming under a patent, issued subsequently to such certificate, to a third person, must show a cancellation of such final certificate before such person can dispossess the one holding under such final certificate.—*Bates v. Herron,* 35 Ala. 117; *Case v. Edgeworth,* 87 Ala. 203; *Stephens v. Reeves,* 92 Ala. 582.

CURTIS & HIPP, *contra.*

McCLELLAN, C. J.—The holder of a certificate of a homestead entry in possession of the land, cannot defend against an action of ejectment brought by the grantee in fee of the United States, whether plaintiff's patent was issued before or after the issuance of the certificate. Section 1813 of the Code of 1896 is not intended to operate, nor is it competent for the legislature to make it operate to pass the *title* of the General Government by such a certificate.—*Knabe v. Burden,* 88 Ala. 436.

That title to the land involved in this action passed by the patent in evidence into Mrs. Baker, and had she been the plaintiff here the general charge might well have been given in her favor. So, too, her grantee by valid deed suing for the land would be entitled to the affirmative charge. But this plaintiff, though claiming as her grantee and showing a duly executed deed from her, was not entitled to recover, because the evidence showed that at the time she made that deed the land was in the adverse possession of the defendant.—*Murray v. Hoyle*, 92 Ala. 559; *Probst v. Bush*, 115 Ala. 495.

The circuit court erred in giving the affirmative charge for the plaintiff.

Reversed and remanded.