# Price, *et al. v.* Dennis, *et al.*

### *Ejectment.*

(Decided April 6, 1909.  49 South. 248.)

1. *Public Lands; Grant of; Passing of Title.*—Where the Act granting the land provides that the title to the same shall pass on selection, the legal as well as the equitable title passes out of the government, without the issuance of a patent, upon the selection being made.

2. *Same; Bounty Land Warrants; Selection Under; Equity of Locator.*—Where a military bounty land warrant has been issued and the land located thereunder pursuant to the Act of Congress, and the approval of the land office, the locator obtains such an equity in the land as the state and Federal Court will protect, and gives to the locator an absolute right to the legal title and a patent, and renders void a patent issued to another in violation of the locator's equity.

3. *Same; Liability to Taxation.*—Until the full equitable title has passed out of the government public lands are not subject to taxation by state authority.

4. *Same; Grants; Government Control.*—The government can convey by patent or Congress may, by act, grant the legal title of public lands to a stranger, unless the equity of a locator of public lands has become complete.

5. *Same; Transfer of Title From Government.*—The doctrine that the legal title to land relates back to the inception of the grantee's equity is a pure legal fiction adopted solely to protect and preserve the legal title subsequently to be acquired and not to defeat it.

159—40

[Price, et al. v. Dennis, et al.]

6. *Same; Bounty Warrants; Assignment; Insufficiency; Effect on Equity of Holder.*—Where the records of the land office show that the selection of land under a military bounty warrant was suspended by the commissioner of the general land office because of the insufficiency of the assignment of the warrant, the equity of the assignee as the locator of the land was not perfected until the assignment was made good.

7. *Adverse Possession; Government.*—Adverse possession does not run against title to land so long as the title remains in the general government.

8. *Same.*—Section 1813, Code 1896, is intended to perfect the title of the government, or the title acquired thereunder through certification and is not intended to benefit a party claiming against a holder of such certificate, or a patentee; and if it were, it could not operate to give such a person title by adverse possession, since to do so would defeat the title of the general government, the state legislature cannot pass title to the public lands without the consent of the general government.

APPEAL from Chilton Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by Thomas B. Dennis and others against Houston Price and others. From a judgment for plaintiff defendants appeal. Affirmed.

WILLIAM A. COLLIER, for appellant. Under the facts in this case, the appellant showed an adverse holding.— Sec. 1813, Code 1896; *Case v. Edgeworth,* 87 Ala. 203; *Dillingham v. Brown,* 38 Ala. 311; *Goodlett v. Smithson,* 5 Port. 245. The location of a bounty line warrant upon land is a purchase in law of the land from the government.—*Bullock v. Wilson,* 5 Port. 338; 133 U. S. 353; 128 U. S. 456; 10 How. 348; *Erwin v. Erwin,* 9 Wall. 617; *Stark v. Starn,* 6 Wall. 402; *Gipson v. Courtney,* 13 Wall. 92; *Shepley v. Cowan,* 91 U. S. 330.

McCORVEY & HARE, C. J. TORREY, and SMITH & MIDDLETON, for appellee. In support of our contention that the ruling of the trial court is entirely proper, we cite the following cases.—*Redfield v. Parks,* 132 U. S. 239; *Lowery v. Baker,* 141 Ala. 600; *Stringfellow v. T. C. I. & R. R. Co.,* 117 Ala. 250; *Stevens v. Moore,* 116 Ala.

379; *Wiggins v. Kirby,* 106 Ala. 262-5; *Wagnon v. Fair-banks,* 105 Ala. 527; *Swan, et al. v. Gaston,* 87 Ala. 569; *Farley v. Smith,* 39 Ala. 38; *Iverson v. Dubose,* 27 Ala. 418; *Doe Chastang v. Dill,* 19 Ala. 421; *Kennedy v. Townsley,* 16 Ala. 239; *McIlhiney v. Ficke,* 61 Mo. 329; *Black v. T. C. I. & R. Co.,* 93 Ala. 109; Sec. 2448 U. S. Rev. St.; *Anzar v. Miller,* 90 Cal. 342 (27 Pac. 299.); *Churchill v. Sewards,* 78 Ia. 472; 43 N. W. 271.

MAYFIELD, J.—It was admitted that Thomas E. Dennis and Robert M. Dennis were the only heirs at law of Pollard M. Dennis, that Pollard M. Dennis was dead, and that his estate owed no debts. Plaintiffs (appellees here) offered a patent to the lands sued for, from the United States, of date October 10, 1904, issued upon land warrant No. 56,305, which was originally issued to one Edward Gantt, and assigned by him to Pollard M. Dennis, the patentee. The plaintiffs thereupon rested their case.

The defendants (appellants here) then offered in evidence a certified transcript from the General Land Office of the United States, purporting to be a copy of the register's and receiver's certificate of location No. 216, made at Greenville, Ala., upon warrant No. 56,305, for 160 acres of land, Act 1855; also exact copies from the Abstract of Warrant Location and Suspension Docket C. 4—207, in relation to said warrant. These abstracts show the issuance to Edward Gantt of military bounty land warrant No. 56,305, dated February 16, 1857; its receipt in the land office at Greenville, Ala., November 7, 1859, with the accompanying application for its location upon the lands in the suit; the certificate of the receiver and register of the Greenville land office that the location was correct; and its suspension, by the General Land Office, because of improper or blank assignment

to Dennis. The indorsements on the papers show that the assignment became good September 29, 1904. The defendants then offered a transcript of the United States land office at Montgomery, relative to 80 acres of the land in controversy, setting forth the entries therein shown by the records of that office, which were not in conflict with entries from General Land Office above set out. This paper was excluded on motion of plaintiffs.

Defendants then offered in evidence a tax deed to S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, section 10, township 22, range 14, made by the probate judge of (then) Baker county, of date April 10, 1872, under sale made of said lands for taxes, year 1869, to A. B. Hill; a deed from Hill and wife to R. J. Hill, of date February 14, 1881; a deed from R. J. Hill to Mrs. D. A. Cain, of date January 15, 1884; a deed from Mrs. D. A. Cain and husband to G. W. Sorrell, of blank date; a deed from G. W. Sorrell and wife to J. R. Cain, of date May 16, 1893; a deed from J. R. Cain and wife to Reuben Price, of date August 13, 1897; and a deed from Reuben Price and wife to Houston Price, of date March 19, 1900—and in connection with each of said deeds defendants offered evidence to show that the grantees therein went into possession under them, and remained in possession until the property was transmitted to their successsors in title, down to the date of the trial. These deeds and the evidence of possession were excluded by the court on plaintiffs' motion; and the affirmative charge was given for plaintiffs.

The legal question involved in this appeal, and upon which the rights of the parties to this action solely depend, is: Was the possession of the defendants, and those under whom they claim, for 30 years or more, such an adverse holding, as against plaintiffs and those

under whom they claim, as to ripen into title, and thus defeat plaintiffs' legal title acquired by patent from the United States? It is conceded by appellants that adverse possession cannot run against the United States; but they insist that the title had passed out of the United States by the location of the land warrant, and that the patent was mere evidence of the grant, and related back to the time of the location of the grant.

If Congress had granted the land, and had thereby provided that the title should pass on selection as provided for in the act, the date of the selection would be the date of the passage of the legal title, as well as the equitable title, out of the government. The legal title can pass out of the Unite States as well by such a grant of Congress as by a patent, and if a patent is issued thereafter it may be that it is merely evidentiary of the prior grant and selection. But this is not the case in the present action. It was intended by Congress that the patent should pass the legal title, and that it should not pass until the patent was issued.

It is true that after the issue of the wrant, and the location of the land thereunder, in accordance with the act of Congress providing for such cases, and the location is approved by the Land Department of the government as provided, the person so locating thereby obtains such an equity as the state and federal courts will protect, and one which gives him an absolute right to the patent and the legal title, and that if a patent should be issued to another, in violation of his equity, it would be void for lack of authority to issue; and if the patent is subsequently issued to him, in accordance with his perfect equity thus acquired, by a legal fiction which the law creates for the protection, but not for the defeat, of his title, it relates back to the date of the completion of his perfect equity. It is also true that, when the full

equitable title has passed out of the United State, then, and not until then, it becomes subject to state taxes, or to the claims of the creditors of the person holding the equity, as against the United States.—*Hussman v. Durham,* 165 U. S. 144, 17 Sup. Ct. 253, 41 L. Ed. 664.

Until the equity of the locator is complete, the United States can convey by patent, or grant by act of Congress, the legal title to a stranger; and until the alienation is thus completed the land remains subject to government control, and is not subject to state control, or to the control of the locator as against the government itself, though it might be as to other parties.—*Prescott's Case,* 16 Wall. 603, 21 L. Ed. 373; *McShane's Case,* 22 Wall. 444, 22 L. Ed. 747; *Tucker's Case,* 22 Wall. 527, 22 L. Ed. 805; *Colorado Co. v. Commissioners,* 95 U. S. 295, 24 L. Ed. 495. The doctrine of legal title relating back to the inception of the equity, contended for by appellants, is not availing to them under the facts of this case. This doctrine is a pure and legal fliction, adopted by the courts solely to protect and preserve the legal title, subsequently acquired, and not to defeat it . It would be applied here, if this were necessary, to protect the title of the patentee, but not to defeat it. If the defendants claimed through the patentee—that is, were privies in title to him—then the doctrine might be indulged for their protection; but they claim against, and not through, this title.

Another reason why defendants' claim of adverse possession cannot be availing, in this case is that the record shows that the equitable title of the patentee was never perfected until a very short time before the issue of the patent. The records of the Land Office show that the location of this land in question, under that warrant, was suspended by the Commissioner of the General Land Office of the United States because of insufficiency

[Price, et al. v. Dennis, et al.]

of the transfer or assignment of the warrant; hence the equity was never perfected until the assignment was made good. Until then the Land Commissioner could have refused to locate the lands under the warrant, or to issue patent. This brings the case squarely within the rule laid down by this court in *Stringfellow's Case,* 117 Ala. 250, 22 South. 997, and cases there cited.

Our statute (Code 1896, § 1813), providing that certain certificates issued under acts of Congress, or by the register of the land office, etc., vest a legal title in the holder, etc., cannot benefit the defendants. It was never intended to benefit a party claiming, as the defendants are claiming here, against the holder of such certificate or the patentee; but, even if it were so intended, it could not so operate in this case, because it would have to defeat the title of the United States, which it cannot do. The statute was evidently intended to protect the title of the United States, or title acquired thereunder through such certificates. The Legislature of Alabama could not, if it would, pass title to land out of the United States.—*Lowery v. Baker,* 141 Ala. 600, 37 South. 637; *Knabe v. Burden,* 88 Ala. 436, 7 South. 92.

The defendants' evidence was therefore properly excluded, and the general affirmative charge properly given for plaintiffs.

The judgment of the court below is affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.