# McArthur *v.* Brue, *et al.*

### *Ejectment.*

(Decided December 17, 1914.   67 South. 249.)

1. *Public Lands; Grants; Passing Title.*—The Act of Congress of March 3, 1819, did not attempt to grant any land by and of itself, but provided only for a survey or location or identification of certain claims, and when so located and identified for a grant by the issuance of a patent; hence, under said act title did not pass until the issuance of a patent.

2. *Same; Patent; Construction and Operation.*—A patent to land from the United States may . constitute a grant, or conveyance of title out of the United States, or may be merely a confirmation or ratification, or evidence of a previous grant or conveyance.

3. *Ejectment; Title to Support.*—In ejectment the legal title will prevail.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by George Brue and others against John McArthur. Judgment for plaintiffs, and defendant appeals. Affirmed.

L. H. & E. W. FAITH, and FRANK S. COFFIN, for appellant.

GREGORY L. & H. T. SMITH, for appellee.

MAYFIELD, J.—(1) The pivotal and decisive question here involved is whether the legal title to the land in question passed from the United States by act of Congress approved March 3, 1819 (3 Stat. 528, c. 100), or by a patent of October 7, 1912. It is conceded that the legal title has passed out of the United States, and that it passed either by the act of Congress or by the patent. If such title passed by the act of Congress, then

there are other material and important question to be decided; but if such title did not pass until, and except by, the issuance of the patent, then appellant cannot recover the lands in ejectment, nor defend such action by the appellees, and a decision of the other questions is wholly unnecessary.

It appears to us that the opinion and decision of this court in the case of *Nelson v. Weekley,* 177 Ala. 130, 59 South. 157, and that of the Supreme Court of the United States in *Michigan Land Co. v. Rust,* 168 U. S. 589, 18 Sup. Ct. 208, 42 L. Ed. 591, are decisive of this question, to the effect that the legal title to the land in question did not pass by the act of Congress, but only by the patent. This question, of course, must depend upon the construction to be placed upon the act of Congress in question. If title did pass by this act, then it could not be defeated by a subsequent act of Congress alone, nor by a survey, nor the issuance of a patent, even if it attempted to convey title. Likewise, if the act of Congress in question provides that the title shall vest, by virtue of the act, when a survey is made, and the survey was so made, before the issuance of the patent, then the patent is merely a confirmation of the grant, survey, and location, by the Land Department of the government, and not the grant itself. What was said in the case of *Price v. Dennis,* 159 Ala. 629, 49 South. 250, is applicable here: "If Congress had granted the land, and had thereby provided that the title should pass on selection as provided for in the act, the date of the selection would be the date of the passage of the legal title, as well as the equitable title, out of the government. The legal title can pass out of the United States as well by such a grant of Congress as by a patent; and if a patent is issued thereafter it may be that it is merely evidentiary of the prior grant and selec-

tion. But this is not the case in the present action. It was intended by Congress that the patent should pass the legal title, and that it should not pass until the patent was issued."

On the other hand, if the act of Congress, and the survey, merely authorized the grant to be made by a patent, then, of course, the title passed only when the patent issued. This last condition we find from this record to be the true situation. It appears that there was not even an attempt to grant any land by the act of Congress in question, but only to provide for a survey, or location or identification, of certain claims, and, when so located and identified, for a grant by the issuance of a patent, which was accordingly done in this case.

(2) All patents issued from or by the Land Department of the United States to the public lands must of course depend for their authority, validity, and effect upon some act or acts of Congress. According to these acts, the patent may answer as the grant or conveyance of title out of the United States, or it may be merely a ratification or confirmation of evidence of a previous grant or conveyance, or be of other effect, as may be provided by the act or acts authorizing or requiring the issuance of the patent.

(3) The action being one of ejectment, the legal title, so far as this case is concerned, must prevail; and if the legal title passed out of the government of the United States only by the patent in 1912, as we decide it did, then it follows necessarily that the appellant could not defend in the court below on the ground of adverse possession, nor on the ground of any equitable title. It is therefore unnecessary to consider other assignments of error, for the reason that, under the undisputed evidence in this record, if all other assign-

ments of error were sustained, they would each and all be without possible injury or prejudice to the appellant. Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.