# SUPREME COURT OF ALABAMA

## OCTOBER TERM 1915-16

---

## Nelson v. Weekley.

### Ejectment.

(Decided November 25, 1915. Rehearing denied January 20, 1916.
70 South. 661.)

1. **Public Lands; Patents; Presumption; Adverse Possession.**—Presumptions are indulged only to supply facts, and are not available against established facts; hence, the presumption that arises from twenty years occupancy of land after an adverse claimant or his predecessors in interest were entitled to a patent, that a patent had been issued, is not available, where it conclusively appears that title was in the government during such period of occupancy.

2. **Adverse Possession; Prescription; Public Lands.**—Prescription does not run against the government or against one who claims the land through government grants.

3. **Appeal and Error; Harmless Error; Instructions.**—Where the defendant was entitled to and the court properly gave the affirmative charge for defendant, any error in giving or refusing special instructions was not prejudicial.

APPEAL from Baldwin Circuit Court.
Heard before Hon. A. E. GAMBLE.

Ejectment by Beulah B. Nelson against Louis D. Weekley. Judgment for defendant, and plaintiff appeals. Affirmed.

McMILLAN & GRAYSON, and W. F. HOGAN, for appellant. C. J. TORREY, for appellee.

ANDERSON, C. J.— (1, 2) This appeal involves the same land, and relates to the same legal questions discussed in the case of *Nelson v. Weekley*, 177 Ala. 130, 59 South. 157. It was there held that the legal title to the land remained in the United States until the issuance of the patent in 1908, and that the possession of this appellant's husband, and those under whom he held, prior to that time, was not adverse, but was subordinate

to the title of the government, and we now reaffirm said holding. Indeed, the soundness of this decision is not attacked upon this appeal, but there is an effort to avoid the influence of same, by the suggestion that the appellant does not contend for a title by 10 years' adverse possession, but that a grant or patent must be presumed, for the reason that John Weekley or his heirs were entitled to same years before it was issued, and that as appellant and those under whom she claims were in possession for over 20 years between the time the patent could have been issud and when it was actually issued, the law will presume the issuance of same. We are not unmindful of the rule that 20 years' possession of land usually raises the presumption of grant to and title in the possessor. But whether this presumption ever arises as to government land, in the absence of other proof, we need not decide, and it matters not in this case, as it does not arise, and if said presumption ever existed it was overcome when the proof showed title in the government and the subsequent issuance of a patent by it. If presumptions are to be indulged, it is only in order to supply facts. It is an inference of the unknown, but cannot be allowed against established facts, and can, of course, be rebutted and overcome.—*Carter v. Walker*, 186 Ala. 140, 65 South. 170. Therefore if the presumption was ever prima facie established, it was completely overcome when title was shown to be in the government during the time covered by the possession and the issuance by the government of a patent in 1908, rebuts any presumption that one was issued prior thereto. Where title appears to have been in the government during the period of prescription, the prescription does not run against the government, or one who claims the land through government grant.—*Cross v. State,* 147 Ala. 125, 41 South. 875. No limitation or prescription runs against the title of the United States, and the title of the United States to the public domain cannot be affected or destroyed by adverse possession of individuals or by prescription or presumption.—*Gibson v. Chouteau*, 13 Wall. 92, 20 L. Ed. 534; *Redfield v. Parks*, 132 U. S. 239, 10 Sup. Ct. 83, 33 L. Ed. 327; *Stringfellow v. C. I. R. Co.*, 117 Ala. 250, 22 South. 997; *Carter v. Walker*, 186 Ala. 140-144, 65 South. 170; *McArthur v. Brue*, 190 Ala. 563, 67 South. 249; *Nelson v. Weekley*, 177 Ala. 130, 59 South. 157; *Price v. Dennis*, 159 Ala. 629, 49 South. 248; *Michigan Land Co. v. Rust*, 168 U. S. 589, 18 Sup.

[Alexander v. Fountain, et al.]

Ct. 208, 42 L. Ed. 591; *Lowery v. Baker,* 141 Ala. 600, 37 South. 637.

(3) As to whether or not the plaintiff made out a prima facie case against a trespasser or a subsequent possessor who did not show title in the government during the claimed prescription we need not decide, for the reason, that the defendant in this case showed a possession under a former judgment in ejectment, and title in the government until 1908, when a patent was issued to John Weekley, appellee's ancestor and his heirs. As the trial court properly gave the general charge for the defendant, there could have been no reversible error in refusing or giving any special instructions.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.